NOBLE *v.* THE STATE, EX REL. HINES.

BASTARDY.—*Entry of Provision for Child.*—*Violation of Promise.*—*Complaint to Vacate Entry.*—In a prosecution for bastardy, the relatrix, on the 29th day of September, 1868, appeared in open court and acknowledged that satisfactory provision had been made for the maintenance of the bastard child; and an entry was made thereof, and the prosecution was dismissed. On the 10th day of December thereafter, the relatrix filed her complaint, verified, and a motion to set aside this entry and dismissal of the prosecution, on the ground that the consideration of her consent to such entry was the promise of the defendant to marry her on the 5th day of November, 1868, which she had relied on; but that he had failed and refused to fulfil his promise, and had never intended to do so.

*Held,* that the facts stated were not sufficient on demurrer.

PLEADING.—*Answer.*—*Provision by Payment of Money.*—An answer, alleging that the consideration of the entry and dismissal was the payment by defendant to her of a certain sum of money was held good.

SAME. — *Answer.*—*Recovery on Promise.*—An answer that the relatrix had brought suit upon the promise of marriage and recovered a judgment for a certain amount against the defendant was also held sufficient.

APPEAL from the Howard Circuit Court.

DOWNEY, J.—There was a prosecution for bastardy commenced on the 20th day of February, 1868, before a justice of the peace against the appellant. After an examination of the charge, the justice of the peace recognized the defendant to the circuit court. After one or more continuances, on the 29th day of September, 1868, in the circuit court, the following entry was made:

"Comes now the relator in person, and by A. F. Shirts, her attorney, and comes also the defendant, by Thomas J. Kane, his attorney; and the relator, Roxana Hines, in person, comes into open court and acknowledges that provision has been made by the defendant to her satisfaction for the maintenance of the bastard child named in the relator's complaint. It is therefore considered by the court that this cause be dismissed at defendant's costs. It is therefore considered by the court that the relator recover of the defendant all her costs and charges in this behalf by her paid, laid out, and expended, taxed at ———— dollars and ———— cents."

On the 10th day of December, 1868, the relator filed her complaint and motion for a new trial, in which she alleged that before the dismissal of said prosecution, the defendant solemnly promised to marry her on the 5th day of November, 1868, in consideration of which she promised to marry him, and that in consideration thereof she agreed to dismiss said prosecution; that no provision was made by the defendant for the maintenance of said child, except his promise to marry the relator, and thus make said child legitimate and furnish it a home, where he would be bound by law to support it; that the relator, at the time she made said agreement, and until the 5th day of November, 1868, firmly believed that the defendant was acting in good faith, and that he intended to marry her on said day, and thus render her child legitimate, and therefore appeared in court and made said entry; that she has since ascertained that said promise of the defendant to marry her, etc., was made falsely, for the fraudulent purpose of getting her to make the admission as aforesaid, and thus defraud her out of a maintenance for said child, and that, in fact, he never had any intention whatever of performing said promise on his part; that she was surprised by the fraud of said defendant, and could not have guarded against it by the use of ordinary prudence; that she had no suspicion of his fraud until, etc., and did not discover it until the said 5th day of November, 1868, when he refused to perform his said promise. Wherefore, inasmuch as the said entry is a bar, as it now stands, to all other prosecutions for the same purpose, the plaintiff asks for the vacation of said entry and a new trial of said cause, and for other proper relief. This pleading is verified by the oath of the relator.

The defendant demurred to this complaint, as it is called, on the ground that it did not state facts sufficient, but his demurrer was overruled, and he excepted. He then answered, first, the general denial; second, that the consideration of the entry of satisfaction was the payment of four

hundred dollars, two hundred of which was paid at the time, and the other two hundred had been paid after the commencement of this action; third, that at the March term, 1869, of the Hamilton Circuit Court, the relator brought her action against the defendant on the marriage contract set up by her in her complaint, and recovered judgment in said action for the sum of fifteen hundred dollars in damages. A copy of the recovery is made part of this paragraph of the answer.

The relator demurred to the second and third paragraphs of the answer, on the ground that neither of them contained facts sufficient to constitute an answer, and her demurrers were sustained, and the defendant excepted. The issues were tried by a jury, and there was a verdict as follows: "We, the jury, find for the plaintiff." In answer to interrogatories, the jury further found as follows:

"First. Did the plaintiff demand marriage at the hands of the defendant before the commencement of this suit? if so, when and where? Answer. We don't know.

"Second. Did the defendant, on or about the 13th day of August, pay the plaintiff the sum of two hundred dollars? if so, on what account did he make such payment? Answer. We don't know."

The defendant moved for a new trial, but his motion was overruled, and he excepted. The court rendered judgment, setting aside the entry of satisfaction and the judgment thereon dismissing the prosecution, and granting a new trial of said cause, requiring the defendant to enter into a recognizance to appear at the next term, continuing the cause until the next term, and rendering judgment for the costs of said proceeding against the defendant.

The evidence is in the record by bill of exceptions.

The errors assigned involve the correctness of the rulings of the court, first, in holding the complaint sufficient; second, in holding the answers insufficient; third, in not rendering judgment for the defendant on the verdict; and, fourth, in refusing to grant a new trial.

The demurrer to the answer reached back to the complaint, and it is insisted by the appellant that the complaint is insufficient. We think this opinion of counsel for the appellant is correct. The bastardy suit was at an end by the entry made by the prosecutrix that provision to her satisfaction had been made for the support of the child. 2 G. & H. 628, sec. 17. This action was instituted, nominally as a complaint for a new trial, but really to set aside the compromise or entry of satisfaction made by the prosecutrix, and the judgment of dismissal founded upon it.

The complaint makes no case of fraud. It sets up, as the consideration of the compromise, the promise of the defendant that if the relator would make the entry and dismiss the action, he would marry her, at a designated time, and thus render the child legitimate and secure its support; and alleges a failure on his part to perform this promise. This does not constitute fraud, according to any definition or adjudication with which we are acquainted. *Fouty* v. *Fouty*, 34 Ind. 433. If, instead of a promise to marry the relator at a fixed time, the defendant had promised to pay her a sum of money at a designated date, and had failed to make the payment, could it be supposed that the failure to pay the money would revive her right to prosecute under the statute for the support of the child? It was not the marriage which was the consideration of the compromise, for that was not to take place until a subsequent day; but it was the promise of the defendant to marry her which was the consideration for which she agreed to, and did, dismiss the action. If one sell property on credit, to be paid for at a future time, and, on his part, execute the contract by the delivery of the property, can he, if the money shall not be paid at the time agreed upon, recover the property back from the party to whom it was delivered, on the ground that the failure to pay constituted a fraud? We think not. The promise to marry, under such circumstances, and for such a consideration, would undoubtedly be valid, and would support an action in favor of the relator. The statute gives her

the right to make the entry of satisfaction and dismiss the action, and in this case she had the advice and assistance of her counsel, who seem to have been present in court when the entry was made. There was a consideration for the agreement on her part in the promise of the defendant. We cannot say that it was not such a provision as is contemplated by the statute. If the promise was not performed, it furnished her a cause of action which might yield her the means of support for the child.

When we come to look at the paragraphs of the answer to which demurrers were sustained, the rulings of the court seem wholly indefensible. In the second paragraph it is alleged that the consideration of the agreement was that the defendant should pay her four hundred dollars in money for the support of the child, and that the one-half of the amount was paid at the date of the agreement, and the other half afterward. Her receipt for the money is filed with the paragraph of the answer. We see no reason why this was not a good defence to the action, and think the demurrer to it was improperly sustained.

The third paragraph alleges that the relator instituted an action on the marriage promise mentioned in her complaint, and that she recovered thereon the sum of fifteen hundred dollars. If this be true, then she has got, by means of the compromise, resulting from her action for the breach thereof on the part of the defendant, fifteen hundred dollars. Taking the allegations of the two paragraphs together, and they show that she received, in money, four hundred dollars, and recovered her judgment for fifteen hundred dollars, making, in all, nineteen hundred dollars. If it is true, as alleged in the third paragraph, that she sued on the promise to marry, which was the consideration for the compromise, and recovered a judgment thereon, she cannot now repudiate that agreement, and prosecute a suit under the statute for further support for the child. If it could be supposed that, in cases of this kind, something may be given punitive in its nature

against the defendant, it would seem that that object had been accomplished already in this case.

The judgment is reversed, with costs; and the cause is remanded, with instructions to sustain the demurrer to the complaint.

*G. H. Voss*, for appellant.

*D. Moss* and *A. F. Shirts*, for appellee.