CARPENTER *v.* CARPENTER, ADMINISTRATOR.

INFANT.—*Contract.*—The contract of an infant in relation to personal property may be avoided by him during his minority.

SAME.—*False Representations as to Age.*—That the infant falsely represented that he was of full age will not render his contract valid, nor will it estop him from avoiding the contract, though it may constitute a cause of action for the tort.

SAME.—*Exchange of Property.—Tender.*—Where an infant has exchanged property with an adult, he is not bound to tender back the property he has received, before suing for the value or the possession of the property given by him to the adult.

SAME.—*Adult Entitled to Property.*—On the avoidance of such contract by the infant, the adult is entitled to have the property received by the infant, in whatever condition it may be, and if the property received by the infant has been injured while in his possession, if the law furnishes any remedy, it is an action for the tort.

SAME.—*Placing Party in Statu Quo.*—It is not necessary, in order to give effect to the disaffirmance of the deed or contract of an infant, that the other party should be placed *in statu quo.*

From the Clay Common Pleas.

*W. W. Carter, S. D. Coffee,* and *A. T. Rose,* for appellant.

WORDEN, J.—This was an action by the appellant against Peter G. Boor. There was judgment below for the defendant. Since the appeal, the death of Boor has been suggested, and Jacob A. Carpenter, his administrator, has been made a party hereto as appellee.

The complaint consisted of two paragraphs, the first being general, for the value of a horse sold and delivered; and the second alleged that the plaintiff was an infant under the age of twenty-one years; that in August, 1868, he was the owner of a gelt horse of the value of one hundred and fifty dollars, which he then, at the solicitation of the defendant, traded to the latter for a stallion, and that he delivered the gelding to the defendant, who delivered to him the stallion; that on December —, 1868, the defendant sold the gelding and parted with his possession; that on the 11th of December, 1868, the plaintiff tendered the stallion back to the defendant and offered to give him up, at the mill and residence of the defendant, and demanded from the defendant the redeliv-

Carpenter *v.* Carpenter, Adm'r.

ery of the gelding to him, the plaintiff; and the plaintiff then and there informed the defendant that he was under the age of twenty-one years, and that he sought to rescind and avoid the contract aforesaid; and the plaintiff then and there offered to place the stallion in the defendant's stable, but the defendant wholly refused to receive him in any way whatever, and forbade the plaintiff to leave him at the stable; that the plaintiff could not turn the stallion out upon the commons at or near the residence and stable of the defendant, because of the dangerous character of the animal; wherefore the plaintiff took him home and kept him, etc.; that the plaintiff has been at all times, and still is, ready and willing to deliver the stallion to the defendant, and desires to avoid the contract because of his nonage; and he demands judgment for two hundred dollars.

To this paragraph the defendant answered, among other things, as follows:

"And for sixth and further answer" etc., "says that it is true that plaintiff and defendant did exchange horses as is charged in said second paragraph in said complaint, but he says that the said exchange was made at the instance and request of plaintiff, and that for the purpose of inducing the defendant to make said exchange, said plaintiff falsely, corruptly, and fraudulently represented to defendant" (that he) "was at the time of said exchange over the age of twenty-one years; that defendant was ignorant of the age of said plaintiff, and relied upon the said false and fraudulent statements as true, and fully believed them to be true, and by the said statements was induced to make said exchange; that at the time of said exchange, the said horse by defendant exchanged to plaintiff was of the value of two hundred dollars, and greatly exceeded in value the horse by plaintiff exchanged to defendant; that before the defendant had any knowledge that" (the plaintiff) "was an infant under the age of twenty-one years, and before any demand by plaintiff for a rescission of said contract, said defendant sold the horse so exchanged to him by the plaintiff, and the same was, at the

time of the said demand by plaintiff, entirely out of the control of the defendant, of which fact the plaintiff had full knowledge, and knew that it was out of the power of the defendant to rescind said contract; and said defendant further says that the plaintiff, after the said exchange of horses as aforesaid, and before said demand to rescind said contract, as in said second paragraph of complaint set forth, purposely and intentionally, and with the intent to greatly injure and totally to destroy and diminish the value of the said horse so by him procured of the said defendant, did starve, overwork, beat, cut, bruise, and wound, cripple, founder, and strain the said horse, so that by reason of the said injuries so committed, caused, and inflicted upon said horse by plaintiff, said horse was and is rendered wholly valueless; and defendant prays judgment."

A demurrer for want of a statement of sufficient facts was filed to this paragraph of the answer by the plaintiff, but it was overruled, and an exception was taken.

On issue joined, there was a trial by jury, resulting in a verdict and judgment for the defendant, a motion for a new trial on behalf of the plaintiff having been made and overruled, and exception taken.

The court gave to the jury the following instruction, to which the plaintiff excepted:

" Where a minor and an adult exchange property, and the adult acts in good faith and deals fairly with the minor in all respects, then the minor, if still in the possession of the property received of the adult, before he can recover of the adult the property the adult received of him, or its value, must return or offer to return the property received by him in as good condition as it was at the time he received the same, the unavoidable and natural decay and depreciation of the same excepted."

The correctness of this instruction and of the ruling upon the demurrer to the paragraph of the answer set out are questioned by the assignment of error.

The paragraph of the answer set out was bad, and the demurrer should have been sustained.

The contracts of infants, except those for necessaries, are void or voidable; and those in relation to personal property may be avoided by him during his minority. The false representation by the plaintiff, as alleged, that he was of full age, does not make the contract valid, nor does it estop the plaintiff to set up his infancy in avoidance of the contract; although it may furnish ground of an action against him for the tort. 1 Parsons Con. 317; 2 Kent Com., 12 ed., 241. See, also as to representations made by infants and married women, *Keen* v. *Coleman*, 39 Penn. St. 299. With regard to the injury done by the plaintiff to the stallion, as alleged in the pleading, it can have no influence in the case, unless the plaintiff, before he could maintain his action, was bound to tender the animal to the defendant, in as good condition as he received him, unavoidable and natural decay and depreciation excepted, as charged by the court. But we have concluded, upon looking into the question, that the plaintiff was not bound to make any tender of the stallion at all before he could maintain his action. Upon the avoidance of the contract by the plaintiff, the case stood as if none had been made, and his right to the possession of his gelding or the value of him became at once complete and perfect. Upon the avoidance of the contract, the plaintiff still having the stallion, the defendant became without doubt entitled to him, whatever condition he might be in, but it does not follow that the plaintiff was bound to make a tender of him before bringing his action. If the stallion received injury while in the possession of the plaintiff, the remedy of the defendant therefor, if the law furnishes any remedy, is an action for the tort. Says Mr. PARSONS: "If, during infancy, he has destroyed or parted with the property he purchased before a demand was made upon him for it subsequently to his disaffirmance, the seller, as we have said, may be remediless; unless, possibly, he does it in such a way, or under such cir-

cumstances, as to amount to a tort; but if he destroys or disposes of the property after coming of age, this must be regarded as a confirmation of the contract." 1 Parsons Con. 321.

There can be no difference in principle between this case, so far as the obligation of the plaintiff to make a tender is concerned, and the case of the sale of land by an infant. In such case, it has been held several times in this State, that after coming of age he may disaffirm the contract, and recover the land without tendering back the purchase-money. *Pitcher* v. *Laycock*, 7 Ind. 398; *Miles* v. *Lingerman*, 24 Ind. 385. See, also, *Briggs* v. *McCabe*, 27 Ind. 327.

We quote the following paragraph from the opinion of the court in the case of *Chandler* v. *Simmons*, 97 Mass. 508–14:

"Another ground relied on by the defendant is that the deed cannot be avoided without a return of the consideration. We do not understand that such a condition is ever attached to the right of a minor to avoid his deed. If it were so, the privilege would fail to protect him when most needed. It is to guard him against the improvidence which is incident to his immaturity, that this right is maintained. *Gibson* v. *Soper*, 6 Gray, 279, 282; *Boody* v. *McKenney*, 23 Maine, 517. If the minor, when avoiding his contract, have in his hands any of its fruits specifically, the act of avoiding the contract by which he acquired such property will divest him of all right to retain the same; and the other party may reclaim it. He cannot avoid in part only, but must make the contract wholly void if at all; so that it will no longer protect him in the retention of the consideration. *Badger* v. *Phinney*, 15 Mass. 359; *Bigelow* v. *Kinney*, 3 Verm. 353. Or, if he retain and use or dispose of such property after becoming of age, it may be held as an affirmance of the contract by which he acquired it, and thus deprive him of the right to avoid. *Boyden* v. *Boyden*, 9 Met. 519; *Robbins* v. *Eaton*, 10 N. H. 561. But if the consideration has passed from his hands, either wasted or expended during his minority, he is not thereby to be deprived of his right or capacity to avoid

his deed, any more than he is to avoid his executory contracts. And the adult who deals with him must seek the return of the consideration paid or delivered to the minor in the same modes and with the same chances of loss in the one case as in the other. *Dana* v. *Stearns*, 3 Cush. 372. It is not necessary, in order to give effect to the disaffirmance of the deed or contract of a minor, that the other party should be placed *in statu quo*. *Tucker* v. *Moreland*, 10 Pet. 65–74; *Shaw* v. *Boyd*, 5 S. & R. 309."

For these reasons, we are of opinion that the demurrer to the sixth paragraph of the answer should have been sustained, and that the instruction given was erroneous.

The judgment below is reversed, with costs, and the cause remanded, for further proceedings in accordance with this opinion.