## TOWELL *v.* PENCE.

PLEADING.—*Joint Demurrer.*—A joint demurrer to two or more paragraphs of an answer should be overruled, if any one of the paragraphs is good.

INFANT.—*Disaffirmance of Contract.*—An infant is not required to return or repay the consideration received by him, in order to disaffirm his contract.

PLEADING.—*Reply.—Demurrer.*—A reply must be good as to all the paragraphs of the answer which it attempts to meet, or it will be held bad as to all of them.

From the Madison Circuit Court.

*M. S. Robinson* and *J. W. Lovett*, for appellant.

*J. A. Harrison*, for appellee.

DOWNEY, J.—Towell sued Pence, alleging in his complaint that on the 27th day of September, 1870, the defendant, by his written agreement, a copy of which is filed with the complaint, in consideration of three hundred and thirty-one dollars and sixteen cents, due from the defendant to the plain-

Towell *v.* Pence.

tiff as balance of the purchase-money for certain real estate purchased by the defendant of the plaintiff, agreed to pay and satisfy two certain promissory notes, amounting to, etc., executed by the plaintiff to T. S. Babbitt & Co., and dated, etc., secured by a mortgage on the real estate; that the defendant has failed, neglected, and refused to perform his agreement; and that the notes are due and remain unpaid.

The defendant pleaded: 1. Infancy. 2. Infancy, with some other matters, which need not be particularly noticed. A demurrer was filed and sustained to the second paragraph. The defendant then filed an amended second paragraph, which seems to rely upon the statute of frauds, and also upon the defence of infancy combined.

The defendant also filed a paragraph numbered 3, alleging a want of consideration; and, 4, that the plaintiff, at the time of entry into the said contract, promised to convey to the defendant the title to the said real estate in fee simple, which he had not done.

The plaintiff demurred to the first, second, and fourth paragraphs of the answer jointly, on the ground that neither of them stated facts sufficient to constitute a defence to the action, and his demurrer was overruled.

He then replied in three paragraphs. The first was the general denial; the second alleged, in substance, that at the date of the contract mentioned in the complaint, the plaintiff was the equitable owner of the real estate, the legal title being in one Hilligoss; that the plaintiff had mortgaged the said real estate to said Babbitt & Co., as stated in the complaint; that the plaintiff sold said property to the defendant, the defendant paying the price, except the amount which he agreed to pay to said Babbitt & Co,; that the defendant sold said lots to one Jasper Nelson in part payment for real estate conveyed to him by said Nelson, which the defendant still owns and holds, and is of the value of, etc.; that the defendant then and there procured said Hilligoss to convey said real estate to said Jasper Nelson, without the knowledge of the plain-

tiff; and that afterward, on the 27th day of September, 1870, the defendant made and delivered to the plaintiff the agreement in this action, in compliance with the agreement made at the time of the sale of said lots by the plaintiff to the defendant; that at the time of the sale the defendant owned real estate and personalty of the value of fifteen thousand dollars, was doing business for himself, in his own name and on his own account, and held himself out as over the age of twenty-one years, which fact the plaintiff was induced to believe, and did believe, at the time of the sale of said lots and the execution of the agreement; that the defendant, when he arrived at the age of twenty-one years, and when this suit was commenced, and now is the owner of the said real and personal property, worth fifteen thousand dollars; that no part of said town lots or of the three hundred and thirty-one dollars and sixteen cents aforesaid, with interest thereon, has been wasted or squandered by him; that the same was invested at twelve hundred dollars, being an advance upon the price paid to the plaintiff therefor, in real estate now held by the defendant; wherefore the plaintiff says the defendant still holds, owns, and enjoys all the benefits derived from the agreement mentioned in the complaint, and has never returned, or offered to return, the same to the plaintiff, although he has since arrived at the age of twenty-one years.

3. That after the defendant arrived at the age of twenty-one years, and both before and since the commencement of this suit, he has in all things ratified and confirmed said agreement, and has agreed to pay the said sum of three hundred and thirty-one dollars and sixteen cents, with interest thereon.

A demurrer to the second paragraph of the reply, on the ground that it did not state facts sufficient to constitute a reply, was sustained by the court.

Upon a trial by the court, there was a finding and judgment for the defendant.

The errors assigned are the overruling of the demurrer to

the first, the amended second, and to the fourth paragraphs of the answer, and the sustaining of the demurrer to the second paragraph of the reply.

The demurrer to the paragraphs of the answer, as we have said, was a joint demurrer to the three paragraphs, and not a separate demurrer to each of them. Hence, if any one of them was good, the demurrer was properly overruled. The first paragraph of the answer was simply an affirmation of the infancy of the defendant at the time of entering into the contract.

Counsel for the appellant suppose that this paragraph is bad, because it was the balance of unpaid purchase-money for real estate due upon an executed contract, which the defendant, by the contract in question, agreed to pay. It is said, also, that there is no averment of a return of the consideration for the promises, or that it had been wasted or squandered by the infant.

In our opinion, the paragraph is a good bar to the action. In *Henderson* v. *Fox*, 5 Ind. 489, it is said: "The rule deducible from all the authorities is, that the only contract binding on an infant is the implied contract for necessaries." The infant was not bound to return or repay the consideration received by him in order to disaffirm his contract. *Miles* v. *Lingerman*, 24 Ind. 385 ; *Pitcher* v. *Laycock*, 7 Ind. 398 ; *Law* v. *Long*, 41 Ind. 586; *Carpenter* v. *Carpenter*, 45 Ind. 142.

But what was there, according to the contract, for the infant to return? It does not appear from the contract, the complaint, or the paragraph of the answer in question, that he had received anything. It does not appear that he had received any deed for, or possession of, the real estate. It is simply stated that he owed a certain balance of purchase-money for the real estate, and that in consideration thereof he agreed to pay off the notes and mortgage to Babbitt & Co. The demurrer to the paragraphs of the answer was properly overruled.

The next question relates to the sustaining of the demur-

rer to the second paragraph of the reply. This paragraph of the reply was pleaded to all the paragraphs of the answer.

The third paragraph was want of consideration. There is nothing in the reply which is at all applicable to that paragraph of the answer.

The paragraph of the reply must have been good as to all the paragraphs of the answer which it attempted to meet, or it must be held bad as to all of them. The demurrer to it was properly sustained for the reason stated.

There is a cross error assigned, but, as we understand it, the appellee does not insist upon it, if none of the errors assigned by appellant are sustained.

The judgment is affirmed, with costs.

PETTIT, J.—I concur in the opinion of the court, but I think the plaintiff has shown no right of action on the contract.

This suit was brought by the appellant against the appellee on this contract:

"State of Indiana, Madison county. In consideration of the sum of three hundred and thirty-one dollars and sixteen cents, due from me to Samuel A. Towell, the same being a balance of the purchase-money due for the south half of lots numbered four and five in the north part of the city of Anderson, Indiana, purchased by me of said Towell, I hereby agree and bind myself to pay and satisfy two notes for the amount of three hundred and thirty-one dollars and sixteen cents, executed by Samuel A. Towell to one T. S. Babbitt & Co., dated about December 4th, 1868, said notes being secured by a mortgage on the above described property, and hereby bind myself to keep the said Towell forever harmless from, and to fully pay and satisfy said notes.

"JAS. A. PENCE.

"September 27th, 1870."

The appellee demurred to the complaint for three causes:

" 1. Said complaint does not state facts sufficient to constitute a cause of action.

" 2. There is a defect of parties plaintiffs, in this, the said firm of T. S. Babbitt & Co. should be made plaintiffs herein.

" 3. There is a defect of parties defendants, because the said firm of T. S. Babbitt & Co. are not made defendants in this cause."

This demurrer was overruled, and this ruling is assigned as a cross error.

The complaint does not show that the plaintiff has any right of action on or under the agreement. It does not show that he has paid any part of the money secured by mortgage on the land he sold to the defendant subject to the mortgage, or that he has suffered, or is likely to suffer any loss, damage, or inconvenience from the delay of the defendant in paying off a mortgage on his own lands, and for which the plaintiff is in no wise liable unless the lands are insufficient to pay the mortgage debt, which is not intimated in the complaint. If the plaintiff could recover this money, the mortgage would still rest on the lands in favor of Babbitt & Co., who could foreclose it, and thus compel the defendant to pay the money twice.

The defendant purchased land of the plaintiff, subject to a mortgage to a third person, and he agreed to pay off the mortgage as a part of the purchase-money of the land. No time was fixed for the payment, and it might be at the pleasure of the holder of the mortgage, after the money became due. In such a case, the vendor can not recover of the vendee, unless he shows that he has been, or is likely to be, damaged in some way.

There was as great a breach of the contract, as soon as it was executed, as at any time thereafter, so far as the allegations of the complaint or the terms of the contract show.