## DILL *v.* BOWEN ET UX.

INFANT.—*Conveyance By.*—*Disaffirmance.*—*Liability for Purchase-Money.*— Where, during his infancy, a person has conveyed his land to another by

deed and received the purchase-money therefor, he may, on coming of age, disaffirm such conveyance and recover back such land without returning, or offering to return, or thereby becoming liable to repay, such purchase-money.

SAME.—*Married Woman.—Conveyance.—Joint Covenant of Married Woman and Another.—Breach of.*—Two owners in severalty of a tract of land, with the husband of the younger owner, who was a minor, jointly conveyed such land, by a warranty deed, to a purchaser thereof, and said minor, after having received her full share of the purchase-money therefor, disaffirmed such deed and recovered back her portion of such land; whereupon, said other owner, in view of such breach of such joint warranty, paid to said purchaser the damages accrued by reason of such breach, and brought suit against said minor and her husband to recover such sum so paid.

*Held,* that the plaintiff can not recover therefor, said married minor not being liable to said purchaser on her warranty.

From the Rush Circuit Court.

*L. Sexton* and *C. Cambern,* for appellant.

*B. F. Davis,* for appellees.

WORDEN, C. J.—Complaint by the appellant against the appellees, as follows:

"Mary Dill, plaintiff, complains of Alcestus Bowen and Isaac G. Bowen, her husband, defendants, and says that on the 1st day of November, 1871, plaintiff, the defendant Alcestus Bowen, (she being then the wife of Isaac G. Bowen,) Benjamin F. Dill and Solomon Dill were the owners in fee simple of the following real estate in Rush county, Indiana, to-wit:" (here, the land is described,) "containing in all eighty acres, more or less, the interest of said Mary Dill therein being thirty-seven acres, which had, before the date aforesaid, been set off to her in severalty, and the remaining forty-three acres were, at the date aforesaid, held by the said Alcestus Bowen, Benjamin F. Dill and Solomon Dill as tenants in common. That upon the day last aforesaid, the plaintiff, the defendant and her said husband, Isaac G. Bowen, Benjamin F. Dill and his wife, Mary E. Dill, and Solomon Dill, united in a joint conveyance of said real estate with general warranty to one David A. Green, having sold the same to him for the

sum of fifty-three hundred dollars, and upon the same day, they, the grantors in said deed, delivered said deed of conveyance to said purchaser, and put him in possession of said premises. That at the time of making said sale and conveyance, it was agreed by the grantors that the purchase-money and notes given therefor should be given to the plaintiff, and in her name, and that the plaintiff should pay to the grantors Alcestus, Benjamin F. and Solomon, the amounts due to them respectively, for their said interests in said real estate. That accordingly the purchase-money and notes, given for said real estate by the purchaser thereof, were paid and given payable to the plaintiff, and she became responsible and indebted to her co-grantors for the amount of purchase-money due to them respectively, for their and each of their interests in said real estate. That afterwards, on the 27th day of December, 1871, the plaintiff and defendant Alcestus had an accounting together between them, as to the interest of said Alcestus in said purchase-money, when it was agreed between them that the plaintiff should pay defendant, on account of her said interest, the full sum of one thousand dollars, which was, on the said 27th day of December, 1871, paid over to her by the plaintiff. That at the time of executing said conveyance, the defendant Alcestus was a minor under the age of twenty-one (21) years, and was so under the age of twenty-one years on said 27th day of December, 1871, when said sum of one thousand dollars was paid to her, as for her said interest in said real estate, by the plaintiff. That on the 9th day of May, 1873, after the said Alcestus had arrived at the age of twenty-one years, she repudiated and disaffirmed said conveyance, so jointly made by her and her said husband, with the plaintiff and said Benjamin F. and Solomon Dill to said David A. Green, and on the same day, May 9th, 1873, she, by writing, notified the said Green of her disaffirmance of said contract and conveyance; and afterwards, at the May term of the Rush circuit court,

1873, in proceedings for partition, instituted and conducted by her therein, against said David A. Green, she obtained judgment for partition of said real estate, and fourteen and one-third acres thereof were set off to her in severalty, and the said Green ousted of his possession thereof under said deed. That afterwards, on the 15th day of September, 1873, the plaintiff accounted with said David A. Green, on account of the breach of the warranty contained in said deed of conveyance, caused by the disaffirmance thereof by defendant Alcestus, and her subsequent partition proceedings as aforesaid, and paid over to him the sum of twelve hundred dollars, on account thereof. Wherefore the defendant Alcestus became liable to pay to the plaintiff said sum of one thousand dollars, together with its reasonable interest from the date of the payment thereof, to wit, December 27th, 1871. And that defendant Alcestus still has said money, or property bought by her with the same, and now has the same in possession; and that on the 19th day of September, 1873, and before the commencement of this suit, the plaintiff, by her agent and attorney, demanded of the defendant Alcestus the payment of said sum and interest, which she refused and still refuses to pay. Wherefore," etc.

To this complaint the defendants demurred, assigning for cause, amongst other things, the want of sufficient facts. The demurrer was sustained, and the plaintiff excepted. Final judgment for the defendants.

Error is properly assigned upon the ruling.

The appellant has filed an elaborate and well prepared brief in support of the complaint, discussing the law in respect to infancy, and especially in respect to the liability of infants for torts. We have no brief for the appellees, and are, therefore, not advised upon what ground the demurrer was sustained. If, however, in looking at the complaint we see any ground on which the demurrer should have been sustained, we must affirm the judgment.

We can not gather from the facts stated that Alcestus,

the principal defendant, has been guilty of any tort or legal wrong. She sold her land and joined her husband in a deed conveying it, and received the purchase money, while she was an infant. She disaffirmed the deed after she became of age, and had the land restored to her. The law gave her the right to do this. The doing of what the law gave her the right to do, can not be imputed to her as a tort. She had a right to disaffirm the deed and re-cover the land back, without returning or offering to return the purchase-money. *Carpenter* v. *Carpenter*, 45 Ind. 142, and authorities there cited. Therefore she was guilty of no tort or legal wrong in disaffirming without restoring the purchase-money. In short, there is no tort charged in the complaint, for which she is liable.

Having disaffirmed the contract, the law imposes upon her no legal obligation to repay the purchase money. This is implied, in the proposition that she may disaffirm without restoring or offering to restore the purchase money. If an infant disaffirm a contract after coming of age, he must do it in toto; that is to say, if he has property in his hands acquired by the contract, the other party may reclaim it. But if the property has passed from his hands, or if he has received money, the law im-poses no obligation upon him to account for the property or repay the money, upon his disaffirmance of the con-tract. It is not necessary that the other party should be placed *in statu quo*. See case above cited.

Now, it is alleged that the deed made was a deed with "general warranty," and that the plaintiff accounted with Green on account of the breach of the warranty contained in the deed, caused by the disaffirmance thereof by Al-cestus and her partition proceedings, and paid him twelve hundred dollars on account thereof. These allegations, it seems to us, present the only ground on which the plaintiff can recover, if at all. Alcestus, having been a married woman when she executed the deed, could not make a binding covenant at all. The statutory warranty

embraces a covenant of "right to convey." 1 R. S. 1876, p. 364, sec. 12. But without a further description of the warranty contained in the deed, it is not clear that the plaintiff covenanted that Alcestus had the right to convey, or that her covenant in that respect applied to any one but herself; and, therefore, it is not clear that she was liable on the covenant to Green at all. But, assuming that she covenanted for Alcestus, and that her covenant was broken by the disaffirmance of Alcestus, we can not see how the payment of damages for the breach of her own covenant could give her a right of action against Alcestus. If she should recover, it would be a simple evasion of the statute which prevents a married woman from making a binding covenant for herself. 1 R. S. 1876, p. 363, sec. 6. The plaintiff can not be subrogated to any rights under Green, for he, as we have seen, had no legal right of action to recover back the purchase-money. The fact that the purchase-money was paid to the plaintiff for all the vendors, and by her paid over to them according to their respective shares, does not place the case in any better situation for her than if it had been paid by the purchaser directly to each of the vendors. In any view of the case, we think the complaint fails to state facts sufficient to constitute a cause of action, and that the demurrer was correctly sustained.

The judgment below is affirmed, with costs.