## REISH v. THOMPSON.

INFANT.—*Contract.*—*Disaffirmance.*—*Marriage Contract.*—*Judgment.*—*Satisfaction Of.*—Where an infant judgment creditor, by the promise of the judgment defendant and his replevin bail, that, upon her entering satisfaction of such judgment, the former will marry her, is induced, upon that consideration, alone, to enter such satisfaction, she may, upon her arriving at the age of twenty-one years, and upon the failure of said defendant to marry her, disaffirm such contract, ·and, in a suit against such judgment defendant and his replevin ·bail, have such entry of satisfaction vacated, notwithstanding the fact that at the time of making such marriage contract she was of the age of eighteen years.

From the White Circuit Court.

*E. B. Sellers*, for appellant.

HOWK, J.—The appellee, as plaintiff, sued the appellant and one George Cunningham, as defendants, in the court below. In her complaint, the appellee alleged, in substance, that on August 5th, 1873, the State of Indiana, on the relation of the appellee, obtained a judgment, in the court below, against the defendant, George Cunningham, for three hundred dollars, and costs of suit, in a certain proceeding in bastardy, then pending in said court, in which judgment it was ordered that it should be paid in the following instalments, to wit, fifty dollars in four months, one hundred and twenty-five dollars in sixteen months, and one hundred and twenty-five dollars in twenty-eight months, from said August 5th, 1873; which said sums of money, it was adjudged, were to be ·paid to appellee, as the mother of the bastard child, or to its legal guardian; and appellee averred, that said order and judgment were so made for the use and benefit of the person, who might, up to the date of said judgment, have the care and custody of said child : and appellee averred, that she took care of said child, from the date of said judgment, until the death of said child in the fall of 1873, and thereby became and was, at the death of said child, entitled to said judgment; that on said August 5th, 1873, one

Alfred W. Reynolds filed a lien on said judgment for fifty dollars, for attorney's fees in obtaining said judgment; that after said judgment was rendered, and on the same day, the appellant became replevin bail for the stay of execution on said judgment, his undertaking, in that behalf, being entered in writing on the order book of the court below, in the words and figures following, to wit:

"I, Emanuel Reish, acknowledge myself replevin bail, for the payment of this judgment, at or before the expiration of the time allowed by law for the stay of execution upon such judgment, the same to be levied of my goods and chattels, lands and tenements; signed, August 5th, 1873.

" EMANUEL REISH."

That afterwards, on November 18th, 1873, the defendant, George Cunningham, and the appellant came to the appellee at Monticello, in White county, Indiana, where appellee was working, and said George Cunningham falsely and fraudulently represented to appellee, that he was ready and willing to marry her, and he and the appellant both solicited the appellee to sign an entry of satisfaction of said judgment, and the appellant falsely and fraudulently represented to appellee, that it was necessary that appellee should receipt said judgment, before she could be married to said defendant, Cunningham; and the appellee, relying on said false representations of the defendant, Cunningham, and the appellant, on said November 18th, 1873, entered satisfaction of said judgment, in the order book of said court, in writing, as follows:

" Received, of the defendant, satisfaction, in full, of the principal and interest of the above and foregoing judgment, November 18th, 1873.    JEANETTE THOMPSON."

And appellee averred, that neither the defendant, Cunningham, nor the appellant, nor any other person, had paid anything on said judgment, and that said release was executed without any money being paid, and solely because of said false representations, and further that the

defendant, Cunningham, immediately after procuring said release, left, and neither he nor the appellant said anything or did anything further, in pursuance of said agreement of marriage, although both professed to be anxious to have said marriage take place, before said entry of satisfaction of said judgment was obtained; that at the date of said entry of satisfaction, the appellee was a minor, under the age of twenty-one years; that appellee had since arrived at full age; and the appellee averred, that both the defendant, Cunningham, and the appellant well knew that their said representations were false, and that said George Cunningham never intended to perform his said contract of marriage, and that said agreement of marriage was made with the sole purpose of obtaining said entry of satisfaction of said judgment. Wherefore appellee demanded judgment, that said entry of satisfaction be set aside and held for naught, and that she have execution on said judgment, according to its terms; and she said that she had been damaged three hundred dollars, because of the said fraudulent representations, for which she demanded judgment, in addition to her prayer for specific relief, and also for general relief.

And the appellant demurred to appellee's complaint, for the following grounds of objection:

1. Because the complaint did not state facts sufficient to constitute a cause of action; and,

2. Because there was a defect of parties-plaintiffs, in this, that this action should have been brought in the name of the State of Indiana, on the relation of the appellee.

This demurrer was overruled by the court below, and to this decision appellant excepted.

This action was dismissed as to the defendant, George Cunningham, process not having been served on him. And the appellant then answered, in three paragraphs, the appellee's complaint, as follows:

1. A general denial.

2. That, at the time said agreement and promise were made by the defendant, Cunningham, to the appellee, as stated in the complaint, she was over the age of eighteen years; wherefore appellant said that appellee ought not to recover in this action; and,

3. That, after the judgment, mentioned in appellee's complaint, was rendered in favor of the appellee, and against the defendant, Cunningham, the child of the appellee, for whose use and benefit said judgment was rendered, died; wherefore appellant prayed judgment for costs, and other proper relief.

Appellee demurred to the second and third paragraphs of appellant's answer, for the want of sufficient facts therein to constitute a defence to this action; which demurrer was sustained by the court below, and the appellant excepted.

And the action, being at issue, was tried by the court below, without a jury; and the finding of the court was for the appellee, and that the allegations of her complaint were true; and, over appellant's motion for a new trial, overruled and exception saved, the court rendered judgment, that the entry of satisfaction, in appellee's complaint mentioned, be vacated, set aside and held for naught, that appellee have execution on the judgment described in her complaint, and recover of appellant her costs in this action expended.

In this court, the appellant has assigned the following alleged errors:

1. Error of the court below, in overruling appellant's demurrer to appellee's complaint; and,

2. Error of the court below, in sustaining appellee's demurrer to the second and third paragraphs of appellant's answer.

With all proper respect for the appellant's learned attorney, who has argued his client's cause with much zeal and ingenuity, we are bound to say, that, in our opinion, there is no error in the record of this cause, of which the ap-

pellant can be allowed or ought to complain. It is earnestly insisted, under the errors alleged, that the complaint, in this cause, does not contain or state facts sufficient to constitute a cause of action. The case made by appellee's complaint is, briefly, this : The appellee, a young girl, and not of lawful age, became the mother of a bastard child. In a proceeding, instituted for that purpose, on appellee's relation, the defendant, George Cunningham, was adjudged by the court below to be the putative father of appellee's child ; and, as such father, it was adjudged that he pay the sum of three hundred dollars, in certain specified instalments, at certain times, to appellee, as the mother, or to the legal guardian of said child. The appellant became replevin bail, for the stay of execution on said judgment, on the order book of the court below. A short time before the first instalment of said judgment became due and payable, the appellant and said Cunningham went together to the appellee, and Cunningham said that he was ready and willing to marry her, and they both solicited her to enter satisfaction of said judgment ; and appellant told her that she couldn't marry Cunningham, until she had receipted the judgment. By these means, the appellant and Cunningham procured the appellee to sign a receipt, on the order book of the court below, acknowledging satisfaction in full of the principal and interest of said judgment. At the time of signing said receipt, appellee was still an infant, under lawful age. And appellee averred, and appellant, by his demurrer, admitted it to be true, that the representations, made by appellant and Cunningham to appellee, were known by them to be false, that they both well knew that Cunningham never intended to perform his contract of marriage with the appellee, and that they both well knew that said promise of marriage was made with the sole purpose of obtaining the entry of satisfaction of said judgment.

In our opinion, there is no court in Christendom, which

would tolerate or uphold the validity of a receipt, obtained by such an unmanly trick or artifice as this, by appellant's demurrer to appellee's complaint, confessedly was. Appellant and Cunningham both knew, that the poor unfortunate girl, having fallen from her estate in decent society, would readily do anything within her power, to be made an honest woman, by marriage with the father of her child. And therefore, they approached her with a specious but false promise of marriage to Cunningham, and cunningly but falsely represented to her, that she could not marry Cunningham, until after she had satisfied her judgment against him. It is said, however, by appellant's attorney, that Cunningham's promise, although false, was binding on him, and, hence, that it was a sufficient consideration for appellee's entry of satisfaction of her judgment. We hold, however, that such a false, spurious and counterfeit promise, as Cunningham's promise is shown, by the averments of appellee's complaint, to have been, was no consideration whatever for the satisfaction of appellee's judgment. If Cunningham had paid appellee the amount of her judgment in counterfeit money, and if, upon the receipt of such money, she had entered satisfaction of her judgment, on the order book of the court; surely, the appellee, on the discovery of the character of the money, could have obtained a judgment, in a suit for that purpose, vacating and setting aside such entry of satisfaction. And if such entry of satisfaction was obtained by a false and counterfeit promise of marriage, instead of by the use of counterfeit money, we know of no good reason why the court should not, in a suit for that purpose, vacate and set aside such entry of satisfaction.

We are referred, by appellant's counsel, to the case of *Noble* v. *The State, ex rel. Hines*, 39 Ind. 352, as an authority in point upon appellant's position, that Cunningham's promise to marry the appellee was a sufficient consideration for the satisfaction of her judgment. The case cited

differs very widely, in some very material points, from the case at bar. In the first place, in the case cited, the relatrix of the appellee did not appear to have been, and we may reasonably infer that she was not, an infant. In the second place, it appeared, in that case, that the entry of satisfaction was made in consideration, not alone of the false promise of marriage, but; also, of the payment of four hundred dollars in money. And, in the third place, it also appeared, in the case cited, that the relatrix of the appellee had affirmed the contract of marriage, by bringing suit for damages, for an alleged breach of said contract, by the appellant in that case, in which suit she had recovered fifteen hundred dollars damages. We can not regard that case, upon the facts disclosed therein, as any authority in this case. We think that case was correctly decided, but it is obvious, from the opinion, that the decision was based upon the whole case. As before stated, the question of the infancy of the relatrix of the appellee, at the date of the entry of satisfaction, which we regard as a controlling question, did not enter into the decision of the case cited. We hold, in this case, that the arrangement or agreement, entered into between the appellant and Cunninghàm, on the one side, and the appellee, on the other side, while the appellee was an infant, was one which the appellee, without regard to questions of fraud or want of consideration, had the right to avoid or disaffirm, upon her arrival at lawful age. And it appears from her complaint, that, upon reaching the age of twenty-one years, the appellee did disaffirm the arrangement or agreement, between herself and the appellant and Cunningham, and the entry of satisfaction of her judgment, executed by her as a part of said arrangement or agreement; and that she has brought this action to vacate and set aside said entry of satisfaction.

But, it is insisted by appellant's counsel, that, because the appellee was over the age of eighteen years, when the entry of satisfaction of her judgment was signed by her,

and because she might, at that age, lawfully make a valid marriage contract, (1 R. S. 1876, p. 624,) therefore, her entry of satisfaction of her judgment, having been executed in connection with, and in furtherance of, her marriage contract, was valid and binding. But this is a *non sequitur.* On this point, we are referred to the case of *Gavin* v. *Burton*, 8 Ind. 69. But the case is not in point, for the reason that appellee's entry of satisfaction of her judgment had, in fact, no legitimate connection with, and was not a necessary part of, the alleged contract of marriage; although the appellee was induced, by the false representations of the appellant, to believe that she could not marry Cunningham until after she had satisfied her judgment against him.

We find no such error, in the record of this cause, as the appellant has alleged in his assignment of errors.

The judgment of the court below is affirmed, at the costs of the appellant.