The Indianapolis Chair Manufacturing Co. *v.* Wilcox, by his Next Friend.

---

THE INDIANAPOLIS CHAIR MANUFACTURING CO. *v.* WILCOX, BY HIS NEXT FRIEND.

INFANT.—*Contract.*—*Assent of Parent.*—*Payment.*—*Evidence.*—*Avoiding Contract.*—An infant, with the consent of his father, purchased of his employer, an incorporated company, certain shares of its capital stock, re-

ceiving a certificate thereof, and executing to his employer his promissory note for the agreed value of the same, on which note, according to an agreement between the employer and infant, acquiesced in by the father, he received a weekly credit of a certain sum, deducted from his weekly earnings. Prior to attaining his majority, and before full payment of such note, he tendered back to his employer such certificate of stock, and demanded the return of his note and payment of the sums credited thereon, which being refused, he commenced an action to recover for the same.

*Held*, on evidence establishing such facts, and also that the father had relinquished to the infant all claim to his services, that such contract was one which the infant could avoid, and that he is entitled to recover ;

*Held*, also, that proof of the credits allowed on such note was *prima facie* evidence of the value of the services performed by the infant.

*Held*, also, that the delivery of such certificate did not operate as a payment.

. From the Marion Circuit Court.

*G. H. Chapman, U. J. Hammond* and *J. J. Hawes*, for appellant.

*A. Q. Jones, W. S. Ryan* and *D. A. Myers*, for appellee.

Howk, J.—The appellee, as plaintiff, sued the appellant, as defendant, before a justice of the peace of Marion county, Indiana, to recover a balance of one hundred and eighty dollars, alleged to be due for work and labor done and performed by the appellee, at the special instance and request of the appellant.

The complaint was in the usual form, and an itemized bill of particulars of the work and labor was filed with said complaint.

The trial of the cause before the justice resulted in a judgment in favor of the appellee, and against the appellant, for one hundred and seventy-eight dollars and seventy-four cents, and costs; from which judgment the appellant appealed to the court below.

The cause was there tried by the court, without a jury, and a finding made for the appellee in the sum of one hundred and seventy-eight dollars and seventy-four cents; and the appellant's motion for a new trial having been overruled, and its exception saved to this ruling, judgment was rendered by the court on its finding.

In this court, the appellant has assigned, as error, the

decision of the court below, in overruling its motion for a new trial. In this motion the following causes for such new trial were assigned : ·

"1st.  The finding and judgment of the court are contrary to law ;

"2d.  The finding and judgment of the court are contrary to the evidence ; and,

"3d.  The damages assessed by the court are excessive."

The only evidence in the record is the oral testimony of the appellee, who was a witness on the trial in his own behalf. We set out his evidence, as necessary to a proper understanding of this cause, as follows :

"I am the plaintiff ; I will not be twenty-one years of age until the latter part of the present year ; I had been in the employ of the defendant for some time previous to the 1st day of November, 1873 ; about that time the defendant notified all of its employees, myself among the rest, that the factory would have to be stopped, on account of the money panic, unless the defendant should borrow money ; and that the defendant would borrow money, and run the factory, and keep its hands all in employment at the usual wages, if the hands would take capital stock of the company, and allow two dollars ($2.00) of the wages earned each week to be credited each week on the note that should be given to the company for the stock ; I, along with many other operatives about the defendant's factory, assented to this arrangement ; I accordingly gave the defendant my note for two hundred ($200), and received a stock certificate for two shares of stock ; between the said 1st day of November, 1873, the time I gave the note and took the stock, and the time I quit working for the defendant, there was placed to my credit on the note, as retained from my weekly wages from week to week, the total amount of one hundred and seventy-eight dollars and seventy-six cents ($178.76) ; before this suit was brought, I went to the secretary of the company, and offered to return the certifi-

cate of stock, and demanded my note, and gave him to understand that I claimed my wages instead of the stock, and notified him that I would not be bound by the contract; the sum of one hundred and seventy-eight dollars and seventy-six cents ($178.76) is all I claim that the defendant owes me; it is what I sue for, and is all I sue for; the wages paid to operatives about the defendant's factory were low, and they could make very little by work; William B. Wilcox, who brings this suit as my next friend, is my father; I have always lived with him and under his roof; he allows me, and has always allowed me, my wages, only I pay him board out of them; my father knew that I took the stock, and was to pay for it out of my wages, by letting two dollars be retained and applied each week; my father never approved nor disapproved of my doing this; he always said it was my business; I went on allowing it to be done for nearly two years, and he never objected; one dividend has been declared on the stock; I have tried to sell the stock, and failed; at the time the employees of the company entered into the arrangement, some of the officers of the company told them that the company might pay twenty per cent. dividends, if business should be good."

This was all the evidence given on the trial of this cause; and, upon this evidence, the appellant insists that the finding of the court below was erroneous, for the following reasons:

"1st.  That the stock having, with the consent of the infant's father, been worked for and taken as payment for the work, it is, to all intents and purposes, the same as money paid to the infant.

" 2d.  That, if such is not the case, then the judgment should be reversed, for the reason that no evidence was given as to the value of the services of the infant appellee."

It seems to us, that these positions of the appellant are neither of them tenable or well taken.  Under the evi-

dence, the wages of the appellee belonged to him, and not to his father; and his father's consent to his contract with the appellant, if such consent had been shown by the evidence, would not have made his contract any the less voidable. The appellee, an infant, contracted with the appellant for the purchase of two shares of its capital stock, at the price of two hundred dollars, for which he gave his note; and he agreed to and did pay for this stock at the rate of two dollars per week out of his weekly earnings, until his payments amounted in the aggregate to one hundred and seventy-eight dollars and seventy-six cents, the sum sued for. Under the well-settled law of this State, the appellee's contract with the appellant for the purchase of the stock was voidable, and could be avoided at any time by the appellee during his minority, or on his arrival at full age. *Pitcher* v. *Laycock*, 7 Ind. 398; *Miles* v. *Lingerman*, 24 Ind. 385; *Briggs* v. *McCabe*, 27 Ind. 327; *Fetrow* v. *Wiseman*, 40 Ind. 148; *Carpenter* v. *Carpenter*, 45 Ind. 142; *Towell* v. *Pence*, 47 Ind. 304; *Dill* v. *Bowen*, 54 Ind. 204; and *Reish* v. *Thompson*, 55 Ind. 34. Having avoided the contract, as he had the right to do, and having notified the appellant of such avoidance, the appellee brought this action to recover the balance of his weekly wages, retained by the appellant under said contract. As to the amount of this balance, there seems to have been no controversy in the court below. Certainly there was no conflict in the evidence on this point, for the appellee was the only witness. He testified, without any objection from the appellant, to the aggregate amount of the balance due him on account of his weekly wages, which had been retained, and credited by the appellant, on his purchase of stock. Under this evidence, it seems to us that the appellant had valued the appellee's services, by giving him credits therefor, from week to week, which credits amounted in the aggregate to the precise sum for which the appellee sued. No other

proof was requisite of the value of appellee's services, to justify the court below in finding for the appellee in the full amount for which the appellant had credited him on his stock contract.

In conclusion, we hold that no error was committed in overruling the appellant's motion for a new trial.

The judgment is affirmed, at the costs of the appellant.