No. 8850.

## Fry et al. *v.* State, ex rel. Wilson.

BASTARDY.—*Recognizance.—Breach.—Failure to Replevy.—Judgment.*—In bastardy the defendant entered into the usual recognizance to appear and abide the judgment. The cause was afterwards compromised by agreement between the putative father and the mother, by the payment of a sum of money, and a stipulation for a judgment for a certain sum, payable as the court should direct, to be replevied. Judgment was accordingly entered, the relatrix acknowledging in court that satisfactory provision had been made for the support of the child.

*Held,* that a failure to replevy the judgment was not a breach of the condition of the recognizance.

From the Howard Circuit Court.

*N. R. Linsday* and *T. A. De Land,* for appellants.

*R. Vaile* and *J. F. Vaile,* for appellee.

VOL. 81.—30

MORRIS, C.—The complaint states, that at the December term, 1878, of the Howard Circuit Court, the appellants entered into a recognizance for the appearance of Samuel M. Fry at the next term of said court, to answer the State of Indiana, on the relation of Ellen Wilson, upon a charge of bastardy, then pending in said court.    The bond is as follows:

" Know all men by these presents, that we, Samuel M. Fry and Luke Fry, are held and firmly bound unto the State of Indiana in the penal sum of five hundred dollars.    The condition of the above obligation is such, that whereas an action is now pending in the Howard Circuit Court, wherein the State of Indiana, upon the relation of Ellen Wilson, is plaintiff, and said Samuel M. Fry is defendant, the same being an action for bastardy:    Now, if the said Samuel M. Fry shall be and appear at the Howard Circuit Court, on the first day of the next term thereof, there to remain and not to depart without leave and to abide the order and judgment of the court, then this obligation shall be void, otherwise to remain in full force and effect.

" Witness our hands and seals, this 15th day of January,1879.

"SAMUEL M. FRY,    [Seal.]

" LUKE FRY.          [Seal.]

"Approved this 15th day of January, 1879.

" C. N. POLLARD, Judge."

It is alleged in the complaint that both Samuel M. Fry and the relatrix appeared at the March term, 1879, of said court, and compromised said proceedings in bastardy ; that the said Samuel M. agreed to pay said relatrix $100 in cash, and suffer judgment to go against him for the sum of two hundred and twenty-five dollars, payable as the court may direct, to be replevied by such surety as the court may accept, each party to pay the costs made by each; that, in pursuance of said agreement, the said court rendered judgment against the said Samuel M. for $225, for the use of said relatrix, and ordered said defendant to replevy said judgment, and that, upon doing so, he should pay of said sum, $100 in twelve months

and $125 in twenty-four months from the date of said judgment. A copy of the judgment and order of the court is filed with and made part of the complaint, and so treated by the parties. It is as follows:

"Come the parties by counsel, and this cause is now compromised and settled as per the following agreement, to wit:

"State, *ex rel.* Wilson, *v.* Samuel Fry.

"The parties hereto have this day compromised the above cause, upon the following terms, to wit: The defendant is to pay the relatrix in cash $100, and suffer a judgment to go against him for the sum of $225, payable as the court may direct, to be replevied by such surety as the court may accept, and each party, relatrix and defendant, to pay all costs made by each respectively.

"In witness whereof the parties have hereunto set their hands and seals, this 28th day of March, 1879.

"ELLEN WILSON.<br>"SAMUEL FRY.

"And said relatrix now appears and acknowledges in open court that satisfaction has been made to her for the support and maintenance of her illegitimate child by said defendant.

"And the court now renders judgment against defendant for said sum of $225, as per said agreement. It is therefore considered by the court, that the plaintiff, relatrix herein, recover of defendant said sum of $225, and that the defendant pay all costs and charges by him made in this cause, which sum shall be paid in instalments, in case said judgment be replevied, as follows: $100 in twelve months, and $125 in twenty-four months from date.

"It is therefore considered by the court that the relatrix pay all costs by her made in the prosecution of her complaint herein; and that the defendant replevy said judgment by good freehold surety."

The failure of Samuel M. Fry, the principal obligor, to replevy the judgment for $225, as directed by the court, constitutes the breach of the bond complained of.

The appellants demurred to the complaint. Afterwards, the counsel for the defendants below withdrew by leave of the court, their appearance for Samuel M. Fry, and then Luke Fry filed his separate demurrer to the complaint. The demurrer was overruled, and he answered the complaint in five paragraphs. A separate demurrer was filed to each paragraph of the answer, and sustained by the court. Proper exceptions were taken to the rulings of the court upon the demurrers. The appellant Luke Fry refusing to answer further, final judgment was rendered for the relatrix.

The errors assigned involve the rulings of the court upon the demurrer to the complaint and the demurrers to the answer.

It appears from the complaint that the proceedings in bastardy were compromised and settled by the relatrix and the alleged father of her child. In accordance with the conditions of the bond sued on, Samuel M. Fry appeared at the March term of the Howard Circuit Court. The relatrix also appeared in open court and entered of record in due form her admission that satisfactory provision had been made for the support of her bastard child. The contract of compromise and support was entered upon the records of the court. It provided that a judgment for $225 should be rendered against the father of the child, payable as the court might direct, to be replevied by such security as the court should accept, each party to pay his or her costs; $100 additional was to be paid in cash.

Upon and in pursuance of this agreement and compromise, as the cause of action, the court rendered judgment in accordance with its terms. Samuel M. Fry failed to put in bail as provided by this contract and directed by the judgment of the court.

We think it quite clear that the judgment was no part of the bastardy proceedings proper; it was authorized by and founded upon the agreement of the parties; it provided for new and independent security; it was the consummation of an agreement

made by Samuel M. Fry, to be secured as provided by its terms, and not otherwise. Had no security been provided for, none could have been demanded. Upon the agreement and the judgment rendered upon it, the appellee had a right to require Samuel M. Fry to secure it as agreed, but she had no right to insist that Luke Fry was bound by the agreement or the judgment which followed it. It was not competent for Samuel M. Fry, by the disregard or violation of the agreement entered into between him and the relatrix for the support of their illegitimate child or otherwise, to create a breach of the bond sued on as against Luke Fry.

The entry of the admission by the relatrix upon the record, that provision to her satisfaction had been made for the support of her child, ended the bastardy suit. It might as well be insisted, had Samuel M. Fry promised to marry the relatrix as a part of the inducement to enter satisfaction of record, that his refusal to do so would constitute a breach of the bond sued on, as that his failure to replevy the judgment in question constitutes such breach. *Noble* v. *The State, ex rel. Hines,* 39 Ind. 352 and 355.

We think the court below erred in overruling the demurrer to the complaint.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be reversed, at the costs of the relatrix, with instructions to sustain the demurrer to the complaint.