Ayers *et al. v.* Burns, Administrator.

---

No. 9283.

## AYERS ET AL. *v.* BURNS, ADMINISTRATOR.

CONTRACT OF INFANT.— *Promissory Note.—Necessaries.*—The promissory note of an infant, though given for necessaries, is not binding on him during infancy, and he can not be held liable in an action thereon, either by the payee or by a surety.

From the Hendricks Circuit Court.

*C. Foley*, for appellants.

*L. M. Campbell* and *J. T. Burns*, for appellee.

HOWK, J.—This was a suit by the appellee, administrator of the estate of Mary Ayers, deceased, against the appellants, Gardner Ayers, an infant, and Jonathan H. Johnson, guardian of such infant's person and estate. The appellants jointly answered by a general denial of the complaint. The issues joined were tried by the court, and, at the appellants' request, the court made a special finding of the facts, and stated its conclusions of law thereon, in substance, as follows:

"1st. That on the 2d day of November, A. D. 1878, defendant Gardner Ayers was under indictment by the grand jury of Hendricks county, State of Indiana, charged with the crime of murder in the first degree (the murder of his father), and was in the custody of the sheriff of said county, under arrest on said charge, and was arraigned on said charge and was compelled to go to trial thereon, in the circuit court of said county, and it was necessary for his proper defence to said indictment that he should have counsel to defend him; and that defendant Gardner Ayers, together with his mother Mary Ayers, now the plaintiff's decedent, on the 2d day of November, A. D. 1878, executed the two promissory notes mentioned in the complaint, each being for two hundred and fifty dollars, payable two months after said day, with interest at the rate of ten per cent. per annum, and ten per cent. attorneys' fees, one payable to the order of Leander M. Campbell, and the other to the order of John T. Burns, attorneys at law of said court.

"2d. That the sole consideration for the execution of the said notes was the agreement and undertaking of the said attorneys to defend the said Gardner Ayers against the said indictment and charge of murder; and that said attorneys, pursuant to said agreement, did defend said Gardner Ayers, in said court, against said indictment and charge before a jury, and he was acquitted as to said charge, such defence being necessary.

"3d. That at the time of the execution of the said notes the said Gardner Ayers was and still is an infant, being under and less than twenty-one years of age, and that defendant Jonathan H. Johnson is the guardian of the person and property of the said Gardner Ayers.

"4th. That said Mary Ayers executed said notes only as surety for said Gardner Ayers, and has since died; and plaintiff, John T. Burns, was duly appointed as the administrator of her estate, and qualified as such, and, as such administrator, has been compelled to pay off said notes out of the as-

·sets of her estate, amounting at the time of payment to the sum of $590, none of which sum has been repaid him.

"5th. And that said Jonathan H. Johnson, as such guar-·dian, has assets in his hands, belonging to his said ward, suffi-·cient to repay said sum in whole or in part."

Upon the foregoing facts the court stated its conclusions ·of law, as follows:

" That the defendant Gardner Ayers is liable and indebted to the plaintiff in the sum of $590, so paid by the plaintiff on ·said notes, as stated in the facts found above, and that judg-ment should be rendered against him for said sum, and that the assets in the hands of the said guardian of the said Gard-ner Ayers are liable for the payment of said indebtedness and the judgment to be rendered thereon, and it is proper for the ·court to order said guardian so to apply them."

" To which decision of the court upon the law involved the ·defendants severally except."

The court rendered judgment against the appellants, in ac-·cordance with its conclusions of law, from which judgment they have appealed to this court, and have severally assigned ·as error that the trial court erred in its conclusions of law ·upon the facts specially found.

We are of the opinion that the facts found by the court did not authorize its conclusions of law. The suit is founded upon an implied contract of the appellant Ayers to repay the money which the administrator of his surety had been compelled to pay on his promissory notes. Such an implied contract, if it existed, was not binding and could not be enforced against ·him during his infancy. Indeed, it may well be doubted if ·his promissory notes, even though given for necessaries, could ·have been enforced against him during infancy in suits thereon ·by the payees thereof. In *Henderson* v. *Fox*, 5 Ind. 489, it ·was said: "The rule deducible from all the authorities is, .that the only contract binding on an infant is the implied con-·tract for necessaries. Express contracts, as by bond or note ·are not as such binding, and can not be enforced without

ratification, even if given for necessaries. For whether the articles furnished were, in the particular case, necessaries, is a question of law, to be determined by the court. And if deemed necessaries, then their quantity, quality, and reasonable price, is for the consideration of the jury. But if, on the contrary, the express contracts of infants, even when necessaries, so-called, were the consideration, could be enforced, these important questions might be improvidently settled by the infant himself, beyond the supervision of the courts."

So, in Tyler on Infancy, 2d ed., p. 111, it is said : " It would seem that the promissory note given by an infant for necessaries has no obligatory force as such." In *Price* v. *Sanders,* 60 Ind. 310, it is said : "' Necessaries,' in the technical sense, mean such things as are necessary to the support, use or comfort of the person of the minor, as food, raiment, lodging, medical attendance, and such personal comforts as comport with his condition and circumstances in life, including a common school education." It was there said that an infant can not be held liable at law on his note or other contract for money, even though he expends the money for necessaries. There are many decisions of this court to the effect that an infant's contract is voidable, and may be avoided by him during his infancy, or on his arrival at full age. *Pitcher* v. *Laycock,* 7 Ind. 398 ; *Miles* v. *Lingerman,* 24 Ind. 385 ; *Briggs* v. *McCabe,* 27 Ind. 327 ; *Fetrow* v. *Wiseman,* 40 Ind. 148 ; *Carpenter* v. *Carpenter,* 45 Ind. 142 ; *Towell* v. *Pence,* 47 Ind. 304 ; *Dill* v. *Bowen,* 54 Ind. 204 ; *Reish* v. *Thompson,* 55 Ind. 34 ; *Indianapolis, etc., Co.* v. *Wilcox,* 59 Ind. 429.

We have found no authority, however, in the reported decisions of this court or of other courts of last resort, for holding that an infant is liable upon such an implied contract or promise as the one in suit in the case at bar. We are constrained to hold, therefore, as we do, that the court erred in its conclusions of law upon the facts specially found, and that, for this error, the judgment below must be reversed. We are not prepared to say that the appellee might not recover of the

infant, in a proper case, such reasonable sum as would be equal to the just value of the attorneys' services in the defence of such infant. But, in this case, there was no finding by the court of the just value of the attorneys' services, which were found to be necessary, or, indeed, that they were of any value. What we decide is that the special finding of facts by the court, in this case, did not authorize its conclusions of law.

The judgment is reversed, with costs, and the cause remanded, with instructions to set aside its conclusions of law, and, in lieu thereof, as its conclusions of law, to find for the appellants, the defendants below, and render judgment accordingly.