McDougal *et al. v.* City of Brazil.

---

No. 9174.

## McDOUGAL ET AL. *v.* CITY OF BRAZIL.

TAXES.—*Decedents' Estates.—Answer.— Verification.*—To a petition to compel executors to pay certain taxes assessed against them as such, an answer that all such taxes due have been paid is good, and needs no verification.

SAME.—*Cities.—Choses in Action.—Statute Construed.*—Section 58 of the act of 1867 for the incorporation of cities, as amended in 1873 (Acts 1873, p. 57), must be construed according to its spirit and reason, rather than its exact words, so that *choses in action* held by resident executors, administrators and guardians of non-residents, shall be exempt from taxation by *all* cities.

From the Clay Circuit Court.

*S. M. McGregor* and *I. M. Compton*, for appellants.
*J. A. McNutt*, for appellee.

MORRIS, C.—The city of Brazil filed in the Clay Circuit Court its petition against the appellants, alleging that they are the executors of the last will of Benjamin F. Shattuck, deceased; that his estate is unsettled; that the appellant Compton, by virtue of the terms of said will, has now, and has had since he has been acting as such executor, in his possession and under his control, a large amount of personal property belonging to said estate, consisting of money and choses in action, in trust for the heirs of said estate; that said Compton resides within the corporate limits of the city of Brazil, and keeps said property within the limits of said city for taxation, and lists said property therein for the purpose of taxation for State and county purposes; that the city of Brazil has, each year since said Compton has held possession of said property and funds, caused the same to be assessed for taxation; that the taxes so assessed were properly placed upon the tax duplicate of said city, and there is now, as shown by its duplicate for the year 1878, taxes due and owing from said estate to the amount of $691.73; that said Compton as such executor, though often requested so to do, has refused to pay said sum; that said estate has no property within said city out of which said taxes can be made by levy and sale, but has in his hands funds belonging to said estate out of which he might and could pay the same. The prayer is, that the executors may be ordered and directed to pay said tax, or that they show cause to the contrary, and for other proper relief.

A summons was duly served upon the appellants. Compton appeared specially, and moved the court to quash the summons, and strike the cause from the docket, for the reason that the same is irregular and unauthorized by law, and for the further reason that the claim has never been filed or placed on the appearance docket of said court.

The motion was overruled, and the appellants excepted.

They then filed a demurrer to the petition, which was over-ruled, and they excepted.

They answered the complaint in four paragraphs. The first states, that the testator, Benjamin F. Shattuck, resided at the time of his death without the limits of the city of Brazil, in the township of Brazil, in said county of Clay; that his widow, ever since his death, has resided on his premises outside of said city; that Neal McDougal, one of said executors, resides in the county of Vermillion, and that Isaac Compton, the other executor, resides in the city of Brazil, Indiana; that the personal property of said estate has always been listed by the assessor as of and at the residence of said testator, in Brazil township, Clay county, Indiana, and that the same never was listed for taxation as being in the city of Brazil; that all the personal property of said estate is held by said executors jointly, as the executors of said Shattuck's will, and that they have paid said city all the taxes due her from said estate.

The second paragraph of the answer states that the appellants have paid the appellee all the taxes legally assessed against the appellants before the filing of the appellee's complaint.

The third paragraph is the general denial.

The fourth paragraph states that the appellants have no money on hand out of which to pay said taxes.

The appellee moved the court to strike out the first, second and fourth paragraphs of the answer. The motion was sustained and the appellants excepted.

The cause was tried by the court and resulted in a finding and judgment in favor of the appellee.

The appellants moved for a new trial; the motion was overruled and they excepted.

The cause was tried upon an agreed statement of facts, which was, in substance, as follows:

The appellants' testator died at his residence in Brazil township, Clay county, Indiana, outside of the corporate limits of

the city of Brazil, his widow having lived there ever since his death. The appellants are the duly appointed executors of the said Benjamin F. Shattuck's will. A large amount of personal property, derived mainly from royalty on coal, mined from a farm on which the testator resided, came into their hands as assets of said estate; that since the testator's death the appellant Compton has resided in the city of Brazil, and Mc-Dougal since the year 1876 has resided in Vermillion county, Indiana; that they have control of a large amount of assets belonging to said estate; that said assets were assessed in 1877, as property of the township of Brazil, and in 1878, as property of the city of Brazil; that said lists were made out by said Compton at his office in the city of Brazil and there sworn to by him; that said assessment was returned to the auditor of Clay county, and by him placed on the duplicate of said county as property assessed within the limits of said city, and was by the clerk of said city, on a certified copy from said auditor, copied from said duplicate and adopted as the assessment and appraisement for municipal and other tax by the common council of said city of Brazil, and the taxes then charged to B. F. Shattuck's estate; that the payment of the same was demanded of the appellants before the commencement of this suit; that they have not been paid; that there is no personal property in the hands of the appellants of which said tax can be levied; that the assets of the estate amount to about $25,000, all in notes, mortgages and money, there being about $2,000 in money in the hands of the appellant Compton, and the balance being choses in action; that by the terms of said will the estate is not to be settled until 1889.

Assuming that the proceeding by petition is proper in this case, and that, upon the facts stated in the petition, the appellee is entitled to the order and direction asked, were the facts stated in the first paragraph of the answer a bar to the relief demanded? It is alleged in this paragraph, among other things, that the appellants had paid the appellee all the taxes

due her from the estate of their testator. It was competent for the appellants to allege and prove that the taxes, which the appellee was asking the court to order them to pay, had already been paid; and such proof would have been a complete defence to the petition. This would seem to be beyond question. Yet the court below seems to have struck this paragraph of the answer from the record because it was not verified.

The appellants were summoned into court to show cause why they should not be ordered to pay the taxes alleged in the petition to be due the appellee. In answer, they say they have paid all the taxes due the appellee from the estate they represent. No better answer could be made. We know of no law or rule of practice that requires such an answer to be verified.

The real question in the case, the one most extensively discussed and which must ultimately determine the rights of the parties, is, has a city of less than 20,000 inhabitants the right to tax for municipal purposes, notes, bonds, and other evidences of debt, in the hands of an executor residing in said city, said notes, bonds, etc., being the assets of the estate of a person residing without the limits of said city at the time of his death?

The act for the incorporation of cities, approved March 14th, 1867, was in force at the time the tax claimed in this case was levied, and the validity of the levy depends upon the construction of the 58th section of the act of 1867, as amended by the act of 1873. It is as follows:

" The common council shall have power to levy and cause to be assessed and collected in each year, an ad valorem tax of not more than one per centum for general purposes, on all property subject to State and county taxation within such city, and also upon the stocks of all free banks, insurance companies, and other joint stock companies, doing business within such city. The said tax to be assessed and levied upon the stock of each individual shareholder of said companies and

banks, whether such shareholder reside within such city or elsewhere. The cities and incorporated towns through or into which a railroad may pass, may assess any railroad building, fixtures and machinery connected therewith, within the city or town limits, on the same basis and the same manner that the like property of natural persons is assessed, and collect the taxes thereon, as other taxes are collected; but the rolling machinery used in the road shall be deemed to be embodied in the taxes by the mile."

After providing for certain specific taxes, the section proceeds: "*Provided,* that any incorporated city, having a population exceeding 20,000, shall have power to levy and cause to be assessed, and collected in each year an ad valorem tax of not more than one and one-half per centum, for general purposes, on all property within such city returned for taxation by the city assessor, and upon stocks of incorporations as before provided; but notes, bonds, or other evidences of debt which are, or may be, in the hands of any resident of such city as guardian of persons not residents therein, or as executor or administrator of the estate of a person who did not reside therein, and in which such guardian, executor or administrator has no beneficial interest, shall not be subject to taxation by such city."

It is insisted by the appellee that the last clause of the above section, prohibiting the taxing of notes, bonds and other evidences of debt, held by guardians, executors and administrators, applies only to cities having a population of 20,000; that notes, bonds and other evidences of debt, held by executors residing in cities of less than 20,000 inhabitants, may be taxed for city purposes; that the concluding words of the clause, " such city," refer to cities of more than 20,000. This would be the rational construction of the language used, but in order to determine whether such a construction is in accordance with the will of the law-makers, and within the spirit of the law, it is proper to consider the reason which led to the enactment of the law.

It is obvious that the only reason why notes, bonds, mort-gages, etc., belonging to the estate of a deceased person who did not, at the time of his death, reside within such city, held by an executor or administrator residing within the city, is not liable to be taxed for city purposes, is because such evidences of debt are not to be used or invested within such city. Such evidences of debt are not, ordinarily, productive in the hands of the trustee, but are held by him, to be paid out as received to the creditors, legatees or distributees of the estate. It is the purpose of the statute to continue the locus of the property the same as it was at the death of the testator, and not to make its locus dependent upon the residence of the trustee. And this would seem to be eminently just and proper.

If such property should not be held liable to be taxed for city purposes, because the trustees reside in a city of over 20,000 inhabitants, it would be manifestly unjust and unreasonable to hold it liable for taxation for such purposes, because the trustee resided in a city of less than 20,000. And so, too, if such property should be taxed for city purposes because the trustee resided in a city of 19,000 inhabitants, it would be unreasonable to hold that it should not be liable to taxation because the city in which such trustee happened to reside contained 21,000. We can not believe that it was the purpose of the statute to make the liability of such property to municipal taxation depend upon the population of the city in which the trustee of the property might happen to reside.

The clause under consideration refers to cities generally, as the word is used in the first part of section 58. This construction is in accordance with the reason and spirit of the statute. *Holbrook* v. *Holbrook,* 1 Pick. 248; *Commonwealth* v. *Cambridge,* 20 Pick. 267; *Staniels* v. *Raymond,* 4 Cush. 314.

PER CURIAM.—It is ordered that, upon the foregoing opinion, the judgment below be reversed, at the costs of the appellee.