CHARLES AULGER
v.
M. T. BADGELY.

*Master and Servant—Infancy—Emancipation—Recovery of Wages.*

1. Emancipation will be presumed where a father testifies in behalf of his son and treats as his a claim upon which a suit is brought by him after attaining full age, for services rendered while a minor.

2. In an action to recover wages alleged to be due, the evidence being sharply conflicting, this court declines to interfere with the verdict for the plaintiff.

[Opinion filed October 3, 1888.]

Aulger v. Badgley.

APPEAL from the Circuit Court of Tazewell County; the Hon. N. W. GREEN, Judge, presiding.

Mr. B. S. PRETTYMAN, for appellant.

Mr. W. R. CURRAN, for appellee.

*Per Curiam.* Appellee brought this suit before a justice of the peace for work and labor as miller for appellant from October 8, 1885, to March 1, 1886, claiming at the rate of $50 per month. On appeal he recovered judgment on verdict for $90.78, having credited defendant $84.95 on account.

The principal question is one of pure fact. Defendant's version of the matter was that plaintiff and his father agreed to operate the mill during the fall and winter for the keep of their family, hoping to work up a trade that would make it profitable for both parties to have them run it thereafter on shares, and had received in full the consideration so agreed on. This defense was so strongly supported by evidence that we should have been quite as well if not better satisfied with a verdict in accordance with it. But both the plaintiff and his father denied it. The case was twice tried on appeal, the first jury having failed to agree, and no complaint is made of the action of the court as to admission of evidence or in respect to the instructions. This question of fact was fully and fairly submitted, and we think we ought not to interfere with the finding.

It appears that plaintiff was not of age when these services were rendered, but was when the suit was brought. His father, however, was a witness on his behalf, and treated the claim as that of his son. The presumption of emancipation arising upon that fact was not rebutted, and so the action must be held to have been properly brought in his name. Scott v. White, 71 Ill. 290.

*Judgment affirmed.*