The Cleveland, Cincinnati, Chicago and St. Louis Ry. Co. *v.* De Bolt.

No. 1,218.

## The Cleveland, Cincinnati, Chicago and St. Louis Railway Company *v.* De Bolt.

PLEADING.—*Construction.*—*Theory.*—*Practice.*—In construing a pleading, its nature and theory will be determined from the general scope of its allegations, disregarding such as are isolated or detached, and that theory will be adopted which is most apparent, and most clearly outlined by the facts stated.

SAME.—*Theory Adopted by Trial Court.*—When a pleading is susceptible of being construed upon various consistent theories, or the predominating theory is dubious or uncertain, the theory adopted by the trial court, and upon which the cause proceeded and was tried, will be followed on appeal.

SAME.—*Railroad.*—*Failure to Fence Track.*—*Complaint.*—*Surplusage.*—Where a complaint to recover the value of a horse killed upon the track of a railroad company, alleges that the animal entered upon the track at a place where the company had "negligently" and "willfully" failed to construct a fence, the words quoted will be treated as surplusage, as it is the fact of the violation of the statutory duty, and not the manner of the violation that is material.

NEW TRIAL.—*Causes for.*—*Joint Assignment.*—*Instructions.*—An assignment as cause for a new trial that "the court erred in giving instructions numbered," etc., or in "refusing to give instructions numbered," etc., setting out the numbers, is a joint assignment, and if any one of the instructions given was correct, or if any one of the instructions refused was properly refused, the assignment fails.

RAILROAD.—*Evidence.*—*Danger of Maintaining Fence at Particular Place.*—*Opinion of Witness.*—Where a railroad company defends against a charge of violating the fence statute, on the ground that it could not safely maintain a fence at the point in question, it is entitled to prove the facts, but is not entitled to the opinion of a witness that the fencing would make the use of the track dangerous.

SAME.—*Danger to Employes.*—*Line of Duty.*—*Improper Question.*—*Objection and Offer to Prove.*—A question asking a witness if he had "noticed any incidents of danger that had threatened the employes of the company in passing along that line where the cattle-guard is," and if so, to state to the jury what they were, is objectionable as asking an opinion upon two distinct matters, *i. e.*, danger and menace; and an offer to prove, in response to the question, that employes were injured in a cattle-guard formerly existing at that point,

is bad for not showing that the injury occurred while in the line of duty.

From the Shelby Circuit Court.

*B. K. Elliott* and *W. F. Elliott*, for appellant.

*A. F. Wray, T. H. Campbell* and *E. W. McDaniel*, for appellee.

Lotz, C. J.—The appellee brought this action to recover the value of a horse killed by the locomotive and cars of the appellant. The cause was put at issue and tried by a jury, which returned a general verdict for appellee, on which judgment was rendered.

The assignments of error are that the trial court erred in overruling the separate demurrer to the first and second paragraphs of complaint, and in overruling the motion for a new trial.

It appears, from the allegations of each paragraph, that the horse entered upon the track at a point where the same was not securely fenced. The failure to securely fence the track is characterized as having been negligently, willfully and maliciously omitted.

The appellant contends that the theory of the complaint (if it has any definite theory at all) is that of either negligence or willfulness, and not that of the violation of the statutory duty to securely fence the track; that the complaint is not sufficient either upon the theory of negligence or willfulness. It is settled that a pleading must proceed upon some definite theory, and unless it is good upon the theory adopted by the pleader, it is not good at all. If the pleader, in drawing the pleading, is unwilling to commit himself to any definite theory, the court will not construct or adopt a theory for him. *Markover* v. *Krauss*, 132 Ind. 294 (305).

All the allegations of negligence and willfulness in the complaint before us relate to the manner in which

the track was fenced, and not to the manner in which the appellant managed and controlled its engine and cars. Neither paragraph is sufficient upon either the theory of negligence or the theory of willfulness. If either one of these theories is the predominating or controling theory of the complaint, then it is insufficient. In construing a pleading, its nature and theory will be determined from the general scope of its allegations, disregarding such as are isolated and detached. That theory will be adopted which is most apparent and most clearly outlined by the facts stated. The complaint before us must, if possible, be given such construction as to give full force and effect to all of its material allegations, and such as will afford the pleader full relief for the injuries stated in the pleading. *Monnett* v. *Turpie*, 133 Ind. 424 (427); *Batman* v. *Snoddy*, 132 Ind. 480.

When a pleading is susceptible of being construed upon various consistent theories, or the predominating theory is dubious or uncertain, the theory adopted by the trial court, and upon which the cause proceeded and was tried, should be followed by this court.

The appellant insists that the trial court, in instructing the jury, wholly ignored the questions of negligence and willfulness. If the case was tried upon the theory of a violation of a statutory duty alone, then this court should adhere to the theory adopted by the trial court. *Louisville, etc., R. W. Co.* v. *Hughes*, 2 Ind. App. 68.

The pleading before us is very awkwardly drawn, but the allegations of negligence and willfulness may be disregarded and treated as surplusage. *Jeffersonville, etc., R. R. Co.* v. *Lyon*, 55 Ind. 477; *Jeffersonville, etc., R. R. Co.* v. *Lyon*, 72 Ind. 107, and, when this is done, enough remains of each paragraph to show that the horse entered on the track at a point not securely fenced.

The statutory duty was violated, and whether this was

negligently or willfully done is immaterial. The cause of action arises from this fact, and not from the manner in which it was done. This, we think, is the controlling theory of each paragraph.

There was no error in overruling the demurrers.

One of the causes for a new trial is as follows:

"3d. That the court erred in giving to the jury, at the request of the plaintiff, instructions numbered 1, 2, 3, 4, 5, and 7, to which the defendant, at the time, excepted."

This is a joint assignment, and if any one of the instructions is good the assignment fails. Some of the instructions were clearly right.

Another cause for a new trial is in these words:

"4th. The court erred in refusing to give to the jury instructions asked by the defendant, numbered 3, 4, 6, 7, 9, and 10, to the refusal of the court to give said instructions the defendant, at the time, excepted."

This is also a joint assignment, and if any one of the instructions was properly refused the assignment fails. Some of the instructions asked were covered by instructions given. There was no error in refusing to give some of them.

On the trial the appellant gave evidence which tended to show that its track, at the point where the horse entered and was killed, could not be securely fenced; that fencing and cattle-guards would materially interfere with the operation and management of its trains and the safety of its employes.

It called a witness, Harry Kennington, a railroad man of experience, and, by proper interrogatories, proposed to show, by the opinion of said witness, that a cattle-guard could not be there maintained without endangering the lives and limbs of the employes of the company

178    APPELLATE COURT OF INDIANA,

The Cleveland, Cincinnati, Chicago and St. Louis Ry. Co. v. De Bolt.

in operating its trains in the night time, and in icy and sleety times.

This evidence was excluded, and this ruling of the court is properly assigned as a cause for a new trial. Concerning matters of general knowledge which are understood by men in general and with which the jurors are presumed to be familiar, the witnesses should state the facts alone, and the jury draw the conclusions or form their own opinions.

The general rule is that where all the facts are susceptible of being described by the witnesses and placed before the jury, the opinion of a witness is not admissible. Here it was possible for the witness to describe the tracks, the cattle-guard, the management of the trains, the business of the company, and the duties required of the employes, and the manner of performing the same at this point, from which the jury could form the opinion of danger, as well as the witness.

In *Chicago, etc., R. R. Co.* v. *Modesitt*, 124 Ind. 212, the railroad company offered to prove, by an expert witness, what would be the effect of putting a cattle-guard at a given point. This offer was excluded, and in sustaining this action the court said: "The appellant was entitled to prove the condition of the tracks, their location, the use made of them, and like facts, but it was not entitled to the opinion of a witness that the construction of a cattle-guard would make the use of the track dangerous."

It is further said, in the same case, that it was a question "for the jury to determine from the facts established by the evidence whether the company was excused from putting in a cattle-guard for the reason that it would make it dangerous to use the track, and it was not a question for opinion evidence." See, also, *Pennsylvania Co.* v. *Lindley*, 2 Ind. App. 111; *Toledo, etc., R.*

*R. Co.* v. *Jackson,* 5 Ind. App. 547; *Indiana, etc., R. W. Co.* v. *Hale,* 93 Ind. 79; *Brunker* v. *Cummins,* 133 Ind. 443.

There was no error in excluding the offered evidence.

The appellant propounded to the same witness this question: "I will ask you if along at that point, if you have noticed any incidents of danger that have threatened the employes of the company in passing along that line where the cattle-guard is, and, if so, state to the jury what they are?"

The court sustained an objection to this question. The appellant then offered to prove, by the witness, that when a cattle-guard did exist at this point, the employes of the company in passing along there did fall into it and were seriously injured.

The question asks for the opinion of the witness on two distinct matters, that of danger and that of menace. The offer is objectionable for it does not appear that the injury occurred while the employes were in the line and discharge of their duties in operating the trains or the railroad.

Judgment affirmed, at the costs of appellant.

Filed May 29, 1894.