## SHIPLEY v. SMITH.

[No. 20,325.   Filed April 22, 1904.]

INFANTS.—*Disaffirmance of Contract.*—It is not necessary in order to give effect to the disaffirmance of a contract by an infant that the other party be placed in *statu quo.* *p. 528.*

SAME.—*Disaffirmance of Contract.*— All voidable contracts by an infant in reference to personal property may be avoided by such infant at any time during his minority or on his arrival at full age. *p. 528.*

PROPERTY.—*Lease.*—A lease of real estate for years is personal property. *p. 528.*

INFANTS.—*Removal of Disability.—Coverture.—Statutes.*—The statutes which enlarge the power of married women to contract simply remove the disability of coverture, and the disability of infancy of infant married women is the same as if such statutes were not in force. *p. 529.*

Shipley v. Smith.

INFANTS.— *Marriage.*—*Disability.*—*Termination of Guardianship.*—Section 2690 Burns 1901 does not purport to remove the disability of infancy from an infant married woman when her husband is twenty-one years of age, but only terminates her guardianship and authorizes her guardian to settle with the wife, with the assent of the husband.  *p. 529.*

SAME.—*Lease.*—*Disaffirmance.*—An infant who with her adult husband has executed a lease of her land for a period of two years and received the first year's rent during her minority, may, upon arriving at her majority, a few days after the commencement of the second year of said lease, disaffirm the same, and recover possession of the real estate, without restoring or offering to restore the rent received for the first year. *pp. 528–530.*

From Morgan Circuit Court; *J. C. Robinson*, Special Judge.

Action by Harriet E. Smith against Jacob A. Shipley. From a judgment in favor of plaintiff, defendant appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*J. E. Sedwick* and *Oscar Matthews*, for appellant.
*C. G. Renner* and *J. C. McNutt*, for appellee.

MONKS, J.—Appellee brought this action against appellant to recover possession of real estate held by him under a lease executed by her when an infant, she having disaffirmed the same on her becoming twenty-one years of age.   After issues were joined, a trial of said cause resulted in a verdict and judgment in favor of appellee for possession of said real estate and costs of suit.

The controlling question is, can a married woman under twenty-one years of age, who, together with her husband who is over twenty-one years of age, has executed a lease of her land for a period of two years, and received the first year's rent during her minority, upon arriving at the age of twenty-one years, a few days after the commencement of the second year of said lease, disaffirm the same, and recover the possession of said real estate without restoring or offering to restore the rent received for the first year? The trial court, by overruling the demurrer to the com-

plaint and appellant's motion for a new trial, decided this question in the affirmative. If such decision was correct, the judgment must be affirmed; otherwise it must be reversed.

It is a general rule that the contracts of infants are voidable and may be disaffirmed, and it is not necessary, in order to give effect to such disaffirmance, that the other party be placed in *statu quo*. The infant is not bound to tender back the money or property he has received before suing for the value or possession of the property given by him to the adult. Upon the avoidance of a contract on account of infancy, the case stands as if none had been made. *Carpenter* v. *Carpenter,* 45 Ind. 142; *Towell* v. *Pence,* 47 Ind. 304; *Indianapolis Chair Mfg. Co.* v. *Wilcox,* 59 Ind. 429, and cases cited; *Ayers* v. *Burns,* 87 Ind. 245, 44 Am. Rep. 759, and cases cited; *Rice* v. *Boyer,* 108 Ind. 472, 58 Am. Rep. 53, and cases cited; *Clark* v. *VanCourt,* 100 Ind. 113, 50 Am. Rep. 774, and cases cited; *Shirk* v. *Shultz,* 113 Ind. 571, 578, and cases cited; *House* v. *Alexander,* 105 Ind. 109, 55 Am. Rep. 189; *White* v. *Branch,* 51 Ind. 210; *Briggs* v. *McCabe,* 27 Ind. 327, 89 Am. Dec. 503; *Pitcher* v. *Laycock,* 7 Ind. 398.

All voidable contracts by an infant in reference to personalty may be avoided by such infant at any time during his minority or on his arrival at full age. *Indianapolis Chair Mfg. Co.* v. *Wilcox, supra,* page 433, and cases cited; *Shirk* v. *Shultz, supra,* page 578, and cases cited; *Clark* v. *VanCourt, supra,* page 116, and cases cited. It is held in this State that a lease of real estate for years is personal estate, and passes to the personal representative of the lessee, upon his death intestate, and not to his heirs. *Smith* v. *Dodds,* 35 Ind. 452, 456, 457, and authorities cited; *Schee* v. *Wiseman,* 79 Ind. 389, 392; *Cunningham* v. *Baxley,* 96 Ind. 367; *Mark* v. *North,* 155 Ind. 575, 577, 578. It has also been held "that a wife may, without the consent or participation of her husband, make leases of her

land for periods not longer than three years—such a lease not being an encumbrance or conveyance within the meaning of the statute, which denies her 'power to encumber or convey such lands, except by deed, in which her husband shall join.' *Pearcy* v. *Henley,* 82 Ind. 129." *Nash* v. *Berkmeir,* 83 Ind. 536; *Heal* v. *Niagara Oil Co.,* 150 Ind. 483.

It is insisted by appellant that by virtue of the statutes of this State which enlarge the power of married women to contract, and §2690 Burns 1901, §2526 R. S. 1881 and Horner 1901, enacted in 1863, which provides that "The marriage of any female ward to a person of full age shall operate as a legal discharge of the guardianship; and the guardian shall be authorized to account to the wife, with the assent of the husband," an infant married woman whose husband is of full age is completely emancipated from the disability of infancy, and is bound by her contracts the same as if she were over twenty-one years of age.

Statutes which confer upon married women the power to contract generally, or even to convey their separate real estate, with or without the consent of their husbands, do not remove the disabilities of infancy from an infant married woman. Such statutes simply remove the disability of coverture, and the disability of infancy of infant married women is the same as if such statutes were not in force. *Craig* v. *Van Bebber,* 18 Am. St., notes pp. 584, 586, 638, and cases cited; *Harrod* v. *Myers,* 21 Ark. 592, 76 Am. Dec. 409.

Said §2690 does not purport to remove the disability of infancy from an infant married woman when her husband is over twenty-one years of age, but only terminates her guardianship, and authorizes her guardian to settle with the wife, with the assent of the husband. No power is given infant married women by said section to contract with any one for any purpose, except in making an

accounting with her former guardian, which can be done only with the assent of her husband. With this exception, the disability of infancy is the same as if said section had never been passed.

It follows that the result reached by the final judgment in this case was correct. Judgment affirmed.

Jordan, J., took no part in the decision of this case.