## TUCKER ET AL. v. EASTRIDGE.

[No. 7,747.   Filed December 17, 1912.]

1. APPEAL.—Review.—Ruling on Demurrer.—In an action on promissory notes, defended on the ground that the consideration was unlawful, overruling the demurrers to special paragraphs of reply stating facts to avoid the illegality alleged in the special answers, was not erroneous although some of such facts might have been shown under the reply in denial. p. 637.

2. BILLS AND NOTES.—Consideration.—Answer Alleging Unlawful Contract as Consideration.—Reply.—Sufficiency.—In an action on promissory notes, where answers were filed alleging that the consideration for the notes was the settlement of a bastardy proceeding brought by plaintiff, and the signing of a contract not to prosecute defendant criminally, a paragraph of reply showing that plaintiff was an infant, and that while she had signed

Tucker *v.* Eastridge—51 Ind. App. 632.

the paper presented to her, she did not, on account of her youth and inexperience, execute the same, was not demurrable.  p. 637.

3. INFANTS.—*Contracts.—Disaffirmance.*—An infant party to a contract may disaffirm the same at any time during infancy without placing the other party in *statu quo.*  p. 638.

4. APPEAL.—*Objection to Instructions.—Joint Specification of Error.—Effect.*—A joint specification in the motion for a new trial, that the court erred in giving certain instructions, presents no question on appeal unless all of the instructions mentioned are bad.  pp. 638, 639.

5. TRIAL.—*Instructions.—Weight of Testimony.—Credibility of Witnesses.*—An instruction in the usual form, telling the jury that it is the exclusive judge of the weight of the testimony and the credibility of the witnesses, is not open to objection.  p. 638.

6. APPEAL.—*Refusal of Instruction.—Joint Specification of Error. —Effect.*—A joint specification, in a motion for a new trial, that the court erred in refusing to give certain requested instructions, presents no question on appeal if any one of such instructions is bad.  p. 638.

7. INFANTS.—*Contracts.—Capacity to Make Binding Contract.— Instructions.*—An infant can neither enter into a binding contract nor appoint an agent for that purpose, and a requested instruction assuming the contrary to be true was properly refused.  p. 638.

8. APPEAL.—*Review.—Misconduct of Counsel.—Failure to Except to Objectionable Statements.*—A cause will not be reversed for alleged misconduct of counsel, where no exceptions were taken thereto in the trial court, and the record shows that the court sustained each motion made by appellants and instructed the jury not to consider the statements constituting the alleged misconduct, since the appellants were given all the relief asked for at the time.  p. 639.

From Harrison Circuit Court; *William Ridley,* Judge.

Action by Anna Eastridge, by her next friend, James A. Eastridge, against James H. Tucker and others. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*W. T. Zenor* and *John H. Luckett,* for appellants. ·

*Samuel A. Lambdin,* and *C. L. & H. E. Jewett,* for appellee.

ADAMS, J.—This action was brought by appellee, by her next friend, against appellants on two of a series of promissory notes, amounting in the aggregate to $950, executed

to appellee, Anna Eastridge, by appellant, James H. Tucker, as principal, and the other appellants as sureties. Appellants answered the complaint in three paragraphs. In the first paragraph appellants admit the execution of the notes sued on, but claim that the same were executed without any legal or valid consideration; that prior to the execution of said notes plaintiff, Anna Eastridge, had instituted a proceeding in bastardy in the usual form against defendant, James H. Tucker, before a justice of the peace of Crawford county, Indiana, and that said proceeding was pending at the time the notes in suit and others were executed to said plaintiff; that she and her father, James A. Eastridge, threatened that if said Tucker did not compromise and settle said proceeding they would institute a criminal prosecution against him, and cause him to be arrested immediately, prosecuted and sent to the penitentiary for rape and incest; that James A. Eastridge, acting for and on behalf of plaintiff, demanded the sum of $1,000, $50 to be paid in cash and the remainder in notes of said Tucker, with security, in full settlement and compromise of said proceedings; that said James A. Eastridge and his daughter did execute a written contract to said defendant, agreeing to dismiss said proceedings and to forego said criminal prosecution, and to use their influence to prevent the filing of any criminal prosecution then or thereafter; that defendant, James H. Tucker, in consideration of said agreement, accepted said compromise and settlement, and thereupon paid $50 in cash to plaintiff and her said father, and executed five promissory notes to plaintiff, at the instance and request of her father, the first of which was for $150, and the remaining four for $200 each; that the notes in suit are the second and third of said series; that James A. Eastridge and his daughter, the relatrix in said bastardy proceeding, dismissed the same, and entered on the record of the justice of the peace a dismissal, on the terms of said compromise, and executed to defendant, James H. Tucker,

their written agreement embracing the terms and consideration of their promise of settlement; that the compromise and settlement of the threatened criminal prosecution constituted the principal consideration for the cash payment and for the notes executed to said plaintiff, and that such consideration is so intermingled with the part paid and secured in the settlement of the bastardy proceedings that it is incapable of separation and apportionment, and that the whole consideration of the notes in suit is so tainted with illegality, fraud and immorality as to render them void.

The contract is set out as a part of this paragraph of answer, and recites that the case of State of Indiana, ex rel., Anna Eastridge, v. James H. Tucker is compromised and settled, and is to be dismissed on the terms hereinbefore set out, the dismissal to be at the defendant's costs, and the sum of $1,000 to be in full and complete satisfaction for the maintenance and support of relatrix's unborn child, and to be in full satisfaction of all claims and differences between said parties; that James A. Eastridge and Anna Eastridge agree never to bring, nor to aid in bringing, nor allow to be brought, any further criminal or civil proceedings against said James H. Tucker; that in case of the violation of any of the conditions of this agreement, it and the notes are to become null and void.

In the second paragraph of answer it is averred that the notes sued on were executed without any valid or valuable consideration whatever.

The third paragraph is essentially the same as the first, with the additional averment that plaintiff, Anna Eastridge, by and with the consent and procurement of her father and next friend herein, after the execution of the contract, filed her affidavits before the clerk of the Crawford Circuit Court, and procured the arrest of defendant, James H. Tucker, on the charges of incest and criminal seduction, and that by the terms of the contract the consideration of said notes has wholly failed.

Plaintiff replied in four paragraphs. In the second paragraph of reply to said defendants' answer, plaintiff averred that the notes sued on were executed by the defendants on a good and sufficient consideration. After reciting the facts leading up to the compromise and settlement; it is averred in this paragraph that the notes were executed for the purpose of obtaining the dismissal of the proceedings in bastardy, and making provision for the support and maintenance of plaintiff's unborn child; that on the execution of said notes and the payment of the sum of $50, plaintiff, as relatrix, in open court acknowledged that full and complete provision had been made for the suitable support and maintenance of her illegitimate child; that such provision appearing to the justice ample and satisfactory, the proceeding was dismissed, which was the only consideration for said notes.

The third paragraph of plaintiff's reply to the second paragraph of defendant, James H. Tucker's, answer, avers that on June 29, 1907, the date of the settlement, plaintiff was a minor child of the age of fifteen years. After reciting many details leading up to the settlement, it is averred that plaintiff was willing to settle, and for that purpose and that alone acknowledged before the justice of the peace that provision for the support and maintenance of her child had been made to her satisfaction, and signed such admission on the docket of said justice; that on the same day she signed another paper, prepared by the attorney for defendant, James H. Tucker, which she believes is the same paper set out in the third paragraph of answer; that at the time she signed said paper she was a child less than fifteen years and two months of age; that she had no understanding or knowledge of business, legal forms or terms, but wrote her name to said paper, under the belief that it was a compromise and settlement of the proceeding for the support and maintenance of her illegitimate child, and that she understood such paper to be for that purpose.

The fourth paragraph of plaintiff's reply to the second

paragraph of answer is a verified reply that she signed her name to the paper, but only signed it as an acknowledgment that provision had been made for the support of her child, but without any understanding that said paper contained any promise not to bring criminal proceedings against defendant, James H. Tucker.

The court overruled said defendants' demurrers to the second, third and fourth paragraphs of reply. These rulings, together with the overruling of his motion for a new trial constitutes the errors assigned and relied on for reversal.

The obvious purpose of the several paragraphs of answer was to aver facts showing that the notes in suit and other notes executed at the same time were not enforceable on account of being bottomed in part on an unlawful consideration, namely, the compromise of criminal actions and the suppression of the criminal prosecution of appellant, James H. Tucker, who was the uncle, by marriage, of appellee.

It is likewise apparent that the purpose of the several paragraphs of reply was to state facts sufficient to avoid the contract, which was directly or indirectly the sole

1.   defense to the notes sued on, as disclosed by the answers.   Assuming that some of the facts set up in the special replies might be shown under the reply in denial, still the overruling of the demurrers to the several paragraphs of reply would not be error on that account.

The fourth paragraph of reply is a plea of *non est factum.* In this paragraph it appears that while appellee signed her name to the paper presented to her, she did not

2.   on account of her youth and inexperience, execute the same.   It also appears by this paragraph that she was an infant, and therefore could not be bound by the contract set out in the answers.   She had a right to allege and prove her understanding of the contract at the time she signed the same, and the facts and circumstances lead-

ing up to such signing. The contract could be disaffirmed by her at any time during infancy, and such disaffirmance would be given effect without placing the other party in *statu quo*. *Shipley* v. *Smith* (1904), 162 Ind. 526, 528, 70 N. E. 803.

Several specifications of error set out in the motion for a new trial relate to the giving and refusing of certain instructions. The eleventh cause for a new trial is as follows: "The court erred in giving instructions one, two, three and four of its own motion." This is a joint assignment of error as to these instructions, and presents no question, unless all four instructions are bad. *Gray* v. *Elzroth* (1894), 10 Ind. App. 587, 593, 37 N. E. 551, 53 Am. St. 400; *Cleveland, etc., R. Co.* v. *DeBolt* (1894), 10 Ind. App. 174, 179, 37 N. E. 737; *Chicago Furniture Co.* v. *Cronk* (1905), 35 Ind. App. 591, 592, 74 N. E. 627; *Young* v. *Montgomery* (1903), 161 Ind. 68, 67 N. E. 684; *Jones* v. *State* (1903), 160 Ind. 537, 540, 67 N. E. 264, and cases cited.

Instruction two, given by the court of its own motion, was in the usual form, and simply told the jury that it was the exclusive judge of the weight of the testimony and the credibility of the witnesses. Appellants have urged no objections to this instruction, and it is manifest that no objection could be urged. It is, therefore, unnecessary to consider other instructions embraced in this assignment.

The twelfth cause for a new trial is that "the court erred in refusing to give to the jury special instructions, numbered one, two and four, asked by the defendant." If any one of these instructions is bad, then this assignment must fail.

Instruction one, refused by the court, was clearly bad, in that the court was asked to instruct the jury that if the notes in suit were executed in part consideration of the agreement and promise of the plaintiff,

either by herself or through her father and next friend, or both of them, to suppress further civil and criminal proceedings against defendant, James H. Tucker, and the consideration was so blended that there could be no separation thereof, the entire consideration would be illegal, and the finding should be for defendants. This instruction assumed that appellee, although but fifteen years of age, could either enter into a binding agreement or could appoint an agent for that purpose. In *Burns* v. *Smith* (1902), 29 Ind. App. 181, 183, 64 N. E. 94, 94 Am. St. 268, this court held that an infant cannot enter into a binding contract, and her appointment of an agent to make such contract is absolutely void.

The thirteenth cause for a new trial is that "the court erred in giving to the jury special instructions numbered three, four, seven and twelve, asked by the plaintiff." This was also a joint assignment, and is not 4. available, unless all four instructions are bad. Appellant has pointed out no objection to instructions three and four, which were simply statements of the law as to the burden of proof, and were clearly good.

Misconduct of counsel is assigned as a cause for a new trial, and earnestly urged by appellants as reversible error. While counsel for appellee was doubtless overzealous 8. in his client's behalf in argument to the jury, yet the record shows that no exception was taken to the objectionable statements; that the court sustained each motion made by appellants and instructed the jury not to consider statements of counsel. Having been granted all the relief they asked at the time of making the several motions, appellants cannot now be heard to ask for more. If the court had refused to relieve appellants from the misconduct complained of, and they had moved to set aside the submission, and withdraw the case from the jury, and the court had overruled such motion, a different question would be presented. But where a party is given all that

he asks for, and elects to proceed with the trial, and take chances on securing a favorable verdict, he will not be heard to complain if the verdict is unfavorable. *Consolidated Stone Co.* v. *Morgan* (1903), 160 Ind. 241, 247, 66 N. E. 696; *Blume* v. *State* (1900), 154 Ind. 343, 355, 56 N. E. 771.

Other specifications of error are set out in the motion for a new trial, and argued at length by appellants. But we fail to find cause for reversal in any of them. We have carefully examined the evidence, and are satisfied that the case was fairly tried, and that a proper and just verdict was returned. The defense interposed against appellee's action on her notes is not one that would commend itself to the favorable consideration of any fair-minded court or jury. It is, however, only just to say that no one of counsel appearing in this action was in any way connected with the proceedings before the justice of the peace, or with the alleged compromise contract.

Finding no reversible error in the record, the judgment is affirmed.

Note.—Reported in 100 N. E. 113. See, also, under (1) 31 Cyc. 358; (2) 8 Cyc. 193; (3) 22 Cyc. 613; 26 L. R. A. 177; 42 L. Ed. U. S. 326; 18 Am. St. 662; (4, 6) 29 Cyc. 949; (5) 38 Cyc. 1724; (7) 22 Cyc. 580; (8) 38 Cyc. 1507. On the avoidance of acts and contracts of infants see 9 L. Ed. U. S. 345; 41 L. Ed. U. S. 760.