## STORY AND CLARK PIANO COMPANY *v.* DAVY.

[No. 9,534. Filed April 5, 1918. Rehearing denied June 25, 1918.]

1. JUSTICE OF THE PEACE.—*Actions Before.—Failure to File Answer.—Defenses.—Statute.*—In an action originating before a justice of the peace, where no formal answer was filed, the defenses were limited to those authorized by §1749 Burns 1914, §1460 R. S. 1881. p. 151.

2. INFANTS.—*Contracts.—Adult Joint Obligor.—Avoidance.—Recovery of Payments.*—An infant is not precluded from recovering payments made upon a piano, after an avoidance of the conditional sale contract under which it was purchased, because an adult was her joint obligor, where all payments were made by or for her. p. 154.

3. PARENT AND CHILD.—*Emancipation.—Evidence.*—Where a father allowed an infant daughter to use and apply her earnings to the purchase of a piano, and, after she had avoided the purchase contract, prosecuted an action as next friend to recover payments made, such facts are evidence of her emancipation, which need not be proved by direct evidence, but may be implied from circumstances. p. 157.

4. PARENT AND CHILD.—*Child's Earnings.—Right of Parent.— Money Paid to a Third Person.*—Although a parent is generally entitled to the services and earnings of his minor child and may recover the value thereof from the person for whom the services were rendered, he cannot recover for himself the earnings which he has permitted the child to collect and pay to a third person. p. 157.

5. INFANTS.—*Contracts.—Conditional Sale.—Avoidance.—Recovery of Payments.—Return of Property.*—Where an infant bought a piano under a conditional sale contract, and, after the purchase price was paid in part, the piano was retaken by the seller, the contract did not become executed so that the seller could retain the payments, although the contract provided that, if the seller retook the piano in event of the purchaser's default, all money paid on the purchase price should belong to the seller as compensation for the use, rental and depreciation of the instrument. pp. 157, 161.

6. INFANTS.—*Contracts.—Avoidance.—Statu Quo.*—Although an infant, on the disaffirmance of a contract, must return the property acquired thereunder, yet it is not necessary, to make the disaffirmance effective, that he put the other contracting party in *statu quo.* p. 160.

From Marion Superior Court (97,299); *Joseph R. Williams,* Special Judge.

Action by Leona M. Davy, by her next friend, Martin F. Callahan, against the Story and Clark Piano Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Ulric Z. Wiley* and *L. H. Van Briggle,* for appellant.

*Holmes & McAllister,* for appellee.

HOTTEL, J.—This is an appeal from a judgment in appellee's favor in an action brought by her to recover money paid by her to appellant upon a contract with it for the purchase of a piano.

1. The action originated before a justice of the peace, and no formal answer was filed. The defenses, therefore, are limited to those authorized by §1749 Burns 1914, §1460 R. S. 1881.

The averments of the complaint pertinent to the questions presented by the appeal are to the following effect: Appellee at the time of the bringing of her action was a minor, under the age of twenty-one years. On May 28, 1911, appellant sold her a piano for the sum of $297 and allowed her a credit thereon for $110, by reason of the fact that previously to such sale appellee had solved a certain puzzle which entitled her to such credit. Appellee paid on such piano $141. In October, 1914, said piano was returned to appellant and a demand made by appellee upon it to return to her said sum of $141. This demand was refused. Appellee avoids and disaffirms her contract on account of infancy, and claims the return to her of said sum of $141. Judgment is asked for said amount.

After a finding for appellee, appellant filed a motion for a new trial which was overruled. This ruling is assigned as error, and it alone is relied on for reversal. By it the decision of the court is challenged as not being sustained by sufficient evidence, and as being contrary to law.

The contract entered into at the time of the alleged purchase and sale of said piano is in evidence, and contains provisions, pertinent to the question which appellant seeks to have determined, as follows, viz.: A promise by appellee to pay appellant at its office, etc., $297.50, as follows:

"Cr. allowance $110.00 and agree to pay three dollars a week starting June 3rd for three weeks and thereafter One dollar & fifty cts. per week until fully paid. With interest on each of said sums at the rate of 6 per cent. per annum from

date, and 6 per cent. after maturity, with exchange.''

It is then stated in said contract, in substance, that the conditions for the payment of said sum is the agreement of appellant to sell to appellee said piano, *the use of which is temporarily let by appellant to appellee upon the following conditions*: (We give the substance of those pertinent.) The piano to remain the property of, appellant until each and every amount (mentioned above) and interest thereon and any judgment rendered thereon is paid in full, and in case of default of any of said payments or interest thereon at the time and place mentioned, without consent of appellant, or in case of sale or removal, etc., without such consent, appellee shall, on demand of appellant, deliver said piano to it in as good condition as when received, reasonable use and wear excepted, and in such case, appellant shall have the right without demand or notice to take said piano, and *in case it retakes possession of said piano all monies paid on the purchase price thereof shall belong to appellant as compensation for the use, rental and depreciation in value of said piano while remaining in appellee's possession,* or appellant may at its option enforce collection of each and every payment and interest thereon. In case of the payment by appellee of ''each and every of said amounts and interest thereon, or payment of judgment obtained thereon,'' the full absolute and complete title in said piano shall vest in appellee.

This contract was signed by appellee and ''Mrs. J. B. Kidd,'' who, the evidence shows, was appellee's grandmother.

Renewal contracts were also introduced in evi-

dence, one of which was signed by appellee and her grandmother, and the other by appellee and her mother. These contracts are not of importance in their effect upon the questions presented, and hence need not be set out.

The evidence shows, or at least tends to show, that, while some of the payments made on the piano were made by the mother, the grandmother, and the father of appellee, all the money paid thereon was the money of appellee, and that whatever payments were made by others were made for her with her money; that the total amount paid was $141; that appellant by an action in replevin in October, 1914, obtained possession of said piano, and at the time of the suit had both the piano and the money paid thereon by appellee; that before the suit the appellee disaffirmed said contract and demanded the return of the money so paid by her, and appellant refused to pay it to her.

The questions thus presented by the appeal are stated by appellant in its brief in two "propositions" as follows: "First. Where an infant who enters into a contract with another who is an adult, to purchase a piano for her own use and benefit and agrees to pay for the same by installments, and makes numerous payments thereon, and then makes default, and the seller thereupon takes possession of the property sold under the terms of the contract, can such infant recover back the money so paid? Second. Where an infant with her grandmother or mother, who are both adults, enters into a contract to purchase a piano, to be paid for by installments, and where such infant earns money and turns it over to her grandmother or mother with

directions to them to make payments on the purchase price of the piano as they mature, and where she retains possession of the piano, and where she has the use and benefit of it during the period payments are made, and then makes default in such payments, and the seller takes possession of the piano under the terms of the contract, can such infant under such facts and conditions recover back from the seller the amount so paid?"

We think the first proposition is involved in the second, and that it, the first, presents the main and controlling question in the case. However, appellant insists that the fact that the contract was signed by the grandmother and renewed by the mother, each of whom is an adult, and that they each made some of the payments on the piano, should have a controlling influence in determining whether appellee can recover in this action. In support of this contention appellant cites *Kirby* v. *Cannon* (1857), 9 Ind. 371, and *Cutts* v. *Gordon* (1836), 13 Me. 474, 29 Am. Dec. 520. These cases refute, rather than support, appellant's contention. In support of this statement, we quote from each of said cases. In the first case a minor and an adult joined in the execution of certain notes upon which suit was brought against both of them. Upon the subject of the liability of the minor the court said, at pages 374, 375: "It may be observed, however, that in a suit against two upon contract, if one plead infancy, and be an infant, the plaintiff may *nol. pros.* as to him, and proceed to judgment as to the other. *Britton* v. *Wheeler,* 8 Blackf. 31. The reason is that the infant is not liable as a joint contractor. He need not have been sued in the first place. It would seem to follow, for the same reason,

that a release of the infant, he not being liable as a joint contractor, would not release the adult.'' The other case, *supra*, was also an action brought against a minor and an adult, and, in discussing the question of their respective liabilities, the court said, at page 480: ''It is the province of the jury to pass upon the facts in controversy, and of the court, to enter such judgment, as is warranted by their verdict. In general in assumpsit, if they find one defendant did not promise, no judgment can be rendered against either. But if they find, that one defendant made no binding promise, by reason of infancy, this forms an exception to that rule, and the promise of the others remains, notwithstanding, binding upon them.''

The effect of these holdings is that the adult obligor may not be relieved from his obligation merely because it is signed by a minor, but there is nothing in either of the cases even tending to support appellant's contention that the minor should be robbed of the protection which the law affords him simply because an adult is a joint obligor to the contract. We have before indicated that there was evidence tending to show that all the money paid on said piano was appellee's money. For the purposes of the question under consideration this fact must therefore be assumed as true, and the mere fact that another, who was an adult, whatever her relation to the contract might be, made the payment for appellee could have no effect upon appellee's right to take advantage of her minority in an action to recover such payments. Such fact might be of influence in determining the question to whom the money used in making such payments actually belonged, but it can have no influence in determining the legal question of appellee's right to recover the money actually paid by her.

Another question suggested by appellant, incidental to said main question, is that there was no evidence that appellee was emancipated, that the evidence showed that whatever payments were made by her on said piano were made from her earnings, and that such earnings belonged to her parent. It is true that generally speaking the parent is entitled to the services and earnings of his minor child, and he may recover from the person for whom such services are rendered the value thereof, but it does not follow that he may recover the earnings of such child which he has permitted to be collected by it and paid to a third person. *Jenison* v. *Graves* (1831), 2 Blackf. 440, 450. We might add in this connection that the parent's relinquishment of his right to the services and earnings of his child need not be express, but may be implied from circumstances. In this case there was evidence tending to show that appellee was allowed by her father to use and apply her earnings on said contract, and it also appears that this action is prosecuted by the father as next friend. The trial court was therefore justified in inferring that the father had relinquished his right to such earnings, and that they belonged to appellee. *Biggs* v. *St. Louis, etc., R. Co.* (1909), 91 Ark. 122, 125, 120 S. W. 970; *Scott* v. *White* (1874), 71 Ill. 287, 290; *Aulger* v. *Badgley* (1888), 29 Ill. App. 336, 337. This brings us to the first or main question above indicated.

Appellant insists that under the facts of this case appellee's minority gives her no right to recover the money paid by her on said contract. As we understand appellant, this contention is based on the provisions of said contract for the sale of

the piano, which we have italicized *supra*. It is
claimed in effect that, when appellee failed to make
the payments provided for by said contract and ap-
pellant retook the possession of the piano under the
terms of the contract, such contract became executed,
in that such payments, under such circumstances,
were payments for the use of said piano enjoyed by
appellee during the period of her possession, and the
depreciation in value of said piano caused by such
use; that appellee could not and did not restore said
piano in its original condition and with its original
value; that she did not and could not place appellant
in *statu quo*; that for said reasons appellee should
not be permitted to recover the money which the con-
tract expressly provides should be treated as pay-
ment for the use of such piano.

Appellant concedes that it has been unable to find
any case decided by either of the courts of appeal of
this state in which the exact question here presented
has been decided, but cites the following cases in
other jurisdictions as expressly deciding said ques-
tion in accord with its contention: *Rice* v. *Butler*
(1899), 160 N. Y. 578, 55 N. E. 275, 47 L. R. A. 303,
73 Am. St. 703; *Holmes* v. *Blogg* (1817), 8 Taunt. 35;
*Valentini* v. *Canali* (1889), L. R.24 Q. B. 166; *John-
son* v. *Northwestern, etc., Ins. Co.* (1894), 56 Minn.
365, 57 N. W. 934, 59 N. W. 992, 26 L. R. A. 187,
45 Am. St. 473.

Appellee, on the other hand, cites *McCarthy* v. *Hen-
derson* (1885), 138 Mass. 310; *Pyne* v. *Wood* (1888),
145 Mass. 558, 14 N. E. 775; *Gillis* v. *Goodwine* (1901),
180 Mass. 140, 61 N. E. 813, 91 Am. St. 265; *Whitcomb*
v. *Joslyn* (1878), 51 Vt. 79, 31 Am. Rep. 678; *Price* v.
*Furman* (1855), 27 Vt. 268, 65 Am. Dec. 194, as hold-

ing exactly contrary to the cases cited by appellant, and insists that, although the question here involved has never been expressly decided in this state, our courts have frequently recognized and given expression to certain general principles which are out of harmony with the principle and cases upon which the New York case, *supra,* rests, and which in effect commit said courts to the doctrine adopted by the cases last cited as relied on by appellee.

These general principles so relied on by appellee are as follows (We quote from her brief): "1. The contracts of an infant in respect to personal property are voidable, and may be avoided by the infant at any time during minority. *Carpenter* v. *Carpenter, Admr.* (1873), 45 Ind. 142; *Indianapolis Chair Mfg. Co.* v. *Wilcox* (1877), 59 Ind. 429; *Rice* v. *Boyer* (1886), 108 Ind. 472, 9 N. E. 420, 58 Am. Rep. 53; *Shipley* v. *Smith* (1903), 162 Ind. 526, 70 N. E. 803; *Tucker* v. *Eastridge* (1912), 51 Ind. App. 632, 100 N. E. 113.    2.    It is not necessary that the other party be placed in *statu quo.* The infant is not bound to return what he has received before suing for the value or possession of the property" given by him to the adult. *Shipley* v. *Smith, supra; Carpenter* v. *Carpenter, Admr., supra; Tucker* v. *Eastridge, supra.* "3. When the voidable contract of an infant is disaffirmed, it avoids the contract *ab initio.*" *Shrock* v. *Crowl* (1882), 83 Ind. 243; *Rice* v. *Boyer, supra; Shipley* v. *Smith, supra.*    4.    A contract made by an infant, although executed, is, as to him, voidable." *Clark* v. *VanCourt* (1884), 100 Ind. 113, 116, 50 Am. Rep. 774.

We agree with appellant that these decisions and the general principles therein announced are out of

harmony with the decisions cited and relied on
6.    by appellant, and strongly support the conclu-
      sion reached in the Massachusetts and Ver-
mont cases, *supra.* Appellant's contention, and the
cases *supra* upon which it relies are based on the
principle, recognized and affirmed therein, that before
an infant can disaffirm his contract and recover what-
ever he has paid thereon he must first place the other
contracting party in *statu quo.* The Indiana cases
above cited expressly hold the contrary. As affecting
this question, the Supreme Court in the case of *Ship-
ley* v. *Smith, supra,* 528, said: "It is a general rule
that the contracts of infants are voidable and may
be disaffirmed, and it is not necessary, in order to
give effect to such disaffirmance, that the other party
be placed in *statu quo.* The infant is not bound to
tender back the money or property he has received
before suing for the value or possession of the prop-
erty given by him to the adult."

We do not agree with appellant's contention that
the contract in the instant case was executed, but,
if it be conceded that it was, such fact would not
necessarily deprive appellee of her right to disaffirm
it during her minority, and to recover what she had
paid thereunder. As affecting this question, the Su-
preme Court in the case of *Clark* v. *VanCourt, supra,*
116, said: "A contract made by an infant, although
executed, is, as to him voidable   *   *   *   and it may
be avoided by him at any time during his minority,
or on his arrival at full age   *   *   *   without re-
turning, or offering to return, to the other party, the
property which was obtained from him under the
contract."

It should probably be stated in this connection that

it should not be understood from these authorities or from anything said in this opinion that an infant can recover the money paid by him on personal property purchased while an infant, and also retain the property so purchased *as against the claim of the other party.* On the contrary, his act of avoiding his contract by which he acquired such property will divest him of all right to retain the same, and the other party upon restoring what he received may reclaim such property if it is in the infant's possession. The infant cannot avoid his contract "in part only, but must make the contract wholly void if at all"; and hence it will not protect him in the retention of any of the property obtained by him by virtue of the contract which he seeks to avoid because of his infancy. *Carpenter v. Carpenter, Admr., supra.* The question suggested, however, is eliminated in the instant case, because, as before stated, the appellant retook possession of its property and had it when appellee brought her action.

The decisions of this state, cited *supra,* make the following language of the court in the case of *McCarthy* v. *Henderson, supra,* 313, pertinent and 5. controlling in the instant case: "It is clear that, if the plaintiff had made no advance, the defendants could not maintain an action against him for the use of the property. The contract, express or implied, to pay for such use is one he is incapable of making, and his infancy would be a bar to such suit. We cannot see how the defendants can avail themselves of and enforce, by way of recoupment, a claim which they could not enforce by a direct suit."

The only Indiana case cited by appellant which lends any support to its contention is that of *Har-*

*ney* v. *Owen* (1837), 4 Blackf. 337, and this case in so far as it lends such support has been both expressly and impliedly overruled by later decisions. *Wheatly* v. *Miscal* (1854), 5 Ind. 142; *Dallas* v. *Hollingsworth* (1852), 3 Ind. 537; *Van Pelt* v. *Corwine* (1855), 6 Ind. 363; *Garner's Admr.* v. *Board* (1866), 27 Ind. 323.

Finding no error in the record, the judgment below is affirmed.

Note.—See under (1) 24 Cyc 560; (2) 22 Cyc 587, 616; (3) 29 Cyc 1675; (4) 29 Cyc 1627; (5) 22 Cyc 616; (6) 22 Cyc 613. Parent and child: necessity of returning consideration in order to disaffirm infant's contract, 26 L. R. A. 177.