## AMERICAN FILM CO., Inc., v. REILLY et al.

(Circuit Court of Appeals, Ninth Circuit. January 9, 1922.)

No. 3650.

1. **Trial ⬤⇒419—Motion for nonsuit at close of plaintiff's evidence waived by introduction of evidence by defendant.**

    A motion for nonsuit at the close of plaintiff's evidence is waived by the introduction of evidence by defendant.

2. **Infants ⬤⇒74—Minor and parent joining in making contract may join in action for its enforcement.**

    Where a minor and her mother joined in making a contract for the services of the minor, they may join in an action for its enforcement.

3. **Infants ⬤⇒58(1)—Minor having right to disaffirm contract not liable for nonperformance after disaffirmance.**

    A minor having the right to disaffirm a contract is not liable in damages for nonperformance after disaffirmance.

4. **Contracts ⬤⇒305(3)—Where services were accepted and paid for damages not recoverable for nonperformance.**

    Where under a contract services were to be rendered and paid for each week separately, the employer cannot recover damages for partial nonperformance during a week for which payment was made without objection.

In Error to the District Court of the United States for the Southern Division of the Southern District of California; Oscar A. Trippet, Judge.

Action at law by Juliet Reilly and another against the American Film Company, Inc. Judgment for plaintiffs, and defendant brings error. Affirmed.

⬤⇒For other cases see same topic & KEY-NUMBER in 'all Key-Numbered Digests & Indexes

Ford & Bodkin, of Los Angeles, Cal., and Thompson & Robertson, of Santa Barbara, Cal., for plaintiff in error.

E. A. Meserve, John G. Mott, and Albert M. Cross, all of Los Angeles, Cal., for defendants in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. Juliet Reilly, otherwise known as Mary Miles Minter, a minor, together with Pearl Miles Minter, her mother and guardian ad litem, brought an action against the plaintiff in error herein to recover certain installments of the salary of said Mary Miles Minter which were alleged to be due under a contract which provided for her performance of services as an artist for the period of two years commencing May 22, 1917. The contract was duly performed and the services were duly paid for until January 11, 1919. From the week ending on that date until the week ending on March 15, 1919, the plaintiffs contended that the weekly compensation of $2,250 was earned by services duly performed each week. The defendant denied that full services were performed during those weeks, and it deducted from her wages various amounts. The action is brought to recover the amounts thus deducted, amounting in all to $4,025. The jury returned a verdict for the plaintiffs for $4,000. Before the expiration of the contract period the minor plaintiff ceased work and disaffirmed the contract on the ground of her minority.

[1, 2] The record is such that certain questions which were discussed in the briefs and on the argument are not properly before us. There was a motion for a nonsuit at the close of the plaintiffs' testimony, but the motion was waived by the defendant in introducing testimony for the defense, and at the close of the evidence there was no motion for an instructed verdict. Nor was any exception taken to the instructions of the court to the jury or to the court's refusal to give instructions. The denial of the defendant's motion for a new trial is not assignable as error. The only questions properly before us, therefore, are the rulings of the court below on the admission of testimony. Exception was taken to the admission of testimony for the plaintiff on the ground that the action was brought by the wrong party, and should have been brought by the mother of the minor plaintiff, instead of being brought as it was in their joint names. The parties who brought the action were the parties with whom the defendant made the contract. The contract provided for the weekly payments to the minor plaintiff and her mother, and the payments were thus made during the life of the contract. We have nothing to do with the question whether as between the minor plaintiff and her mother the latter was entitled to receive all the former's wages. It is sufficient to point to the rule that, where the contract of service provides that wages are to be paid as in the manner provided in the contract here involved, the action may be brought properly in the names of the minor and the adult. 14 R. C. L. 292; 22 Cyc. 628; Cain v. Garner, 169 Ky. 633, 185 S. W. 122, L. R. A. 1916E, 682, Ann. Cas. 1918B, 824; Story & Clark Piano Co. v. Davy, 68 Ind. App. 150, 119 N. E. 177.

[3] The court below properly excluded the evidence offered under

the defendant's second cause of action alleged in its cross-bill whereby damages were claimed to have been sustained by reason of the minor plaintiff's failure to perform services after the date when she disaffirmed the contract. A minor, having the right to avoid his contract, is not liable for damages for his failure to complete the same. Shurtleff v. Millard, 12 R. I. 272, 34 Am. Rep. 640; Danville v. Amoskeag Co., 62 N. H. 133; Derocher v. Continental Mills, 58 Me. 217, 4 Am. Rep. 286.

[4] It is contended that it was error to exclude evidence offered under the defendant's first cause of action of its cross-complaint, wherein damages were sought to be recovered for the minor plaintiff's failure to perform her contract before the disaffirmance, resulting in damage from loss of time and the expense of supporting the film companies. One question only was propounded in this connection, and that was: "During that week what salary were you paying the director?" There was no offer to show that the defendant was not bound to the payment of the director's salary irrespective of any default of the minor plaintiff. Under the contract the salary for each week was a separate installment, and the contract authorized no deduction of wages for fractions of a week. It provided, however, that the plaintiffs were not to be entitled to the weekly payment for any week during which the minor plaintiff should render no services because of her physical disability or refusal or failure to perform such services. Her full compensation was presumptively due her for each week, and the burden was on the defendant to prove a counterclaim for damages for her failure to perform. The proof was that there was part performance for each of the weeks concerning which the controversy arose. There could be no prejudice to the defendant in excluding evidence offered to show failure of the minor plaintiff to perform services during the time for which the defendant had paid in full without objection. The disaffirmance rendered the contract void ab initio, leaving the rights of the parties as if it had never existed.

It is contended that the court erred in overruling defendant's objection to proof of a conversation wherein the director employed by the defendant consented to the minor plaintiff's absence from the defendant's studio for two days, which is said to have been contrary to the express order of the defendant's general manager. Much of the testimony concerned controversies between the plaintiffs and the defendant as to certain alleged insubordination of the minor plaintiff and her refusal to obey general orders issued by the defendant. We cannot see that the rulings of the court on the admission and exclusion of testimony along this line involved any substantial rights of the defendant. The real question before the court and jury was whether the minor plaintiff failed to perform her contract, to the injury and damage of the defendant, during the weeks involved in the controversy. There was want of harmony between the manager and the director who had immediate charge of the artists and the production of the films. The minor plaintiff was suffering from toothache and asked for leave of absence for two days so that she might go to Los Angeles for dental treatment. The director who had the immediate control of the artists consented. The manager, however, required her

constant attendance and issued orders to that effect to the director. Undoubtedly under the contract the manager had the right to require the constant attendance of each artist. But, when all is said, the real question here is whether the court below erred in admitting or excluding evidence on the issue whether the defendant suffered damages from the minor plaintiff's failure to perform services. We have carefully considered all the assignments of error as to the admission and exclusion of such evidence, and we find no substantial merit in any of them.

The judgment is affirmed.